IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members, | ) ) ) ) | **05 1C**  Civil Action No. |
| Plaintiff, | ) ) | **05 10647 MLW** |
| v. | ) ) | |
| FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS LOANS, INC., | ) ) ) ) | **NOTICE OF REMOVAL** |
| Defendants. | ) MAGISTRATE JUDGE ) ) | |

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), and 1453, and Pub. L. 109-2, defendants Full Spectrum Inc. (n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc. ("Full Spectrum")) and Countrywide Home Loans, Inc. ("Countrywide") (collectively "Defendants") hereby remove the above-captioned action, now pending as Civil Action No. 05-00310 in the Superior Court for Norfolk County, Massachusetts, to this Court. As grounds for removal, Defendants state as follows:

## Background

1.    Plaintiff Berin Lockwood ("Plaintiff") filed this putative nationwide class action lawsuit on or about February 24, 2005, in the Superior Court for Norfolk County, Massachusetts (the "State Court Action"). The State Court Action was assigned Civil Action No. 05-00310.

2.    In the State Court Action, Plaintiff alleges, on behalf of himself and a putative nationwide class consisting of all borrowers whose mortgage loans are or have been "owned or serviced" by Defendants, that Defendants violated (a) numerous federal laws, including 12 U.S.C. §§ 2601-17 and 15 U.S.C. § 1601 *et seq.*, and related federal regulations, (b) numerous

state laws, including G.L. c. 93A, § 9, and G.L. c. 140D, and (c) common law principles in how

Defendants originated and serviced home mortgage loans. See generally Complaint (February

24, 2005) ("Complaint") (a true and correct copy of which is included as part of Exhibit A

hereto). Based upon these purported violations, Plaintiff "seeks rescission [of all putative class

members' loans], restitution, multiple damages, ... attorney's fees[, and] ... injunctive relief," as

well as statutory and compensatory damages, disgorgement and other relief for himself and for

each putative class member. Complaint, ¶ 1, Prayers for Relief ¶¶ 1-4. Plaintiff alleges that

"there are probably 5,000 Class Members in Massachusetts alone [and] many more Class

Members throughout the United States." Complaint, ¶ 30.

### Removability and Jurisdiction

3.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.

§ 1331 (federal question jurisdiction), the "Class Action Fairness Act of 2005," Pub. L. 109-2,

codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453 (the "Act"), and 28 U.S.C. § 1332(a)

(diversity jurisdiction).

### Federal Question Jurisdiction

4.      This Court has jurisdiction over Plaintiff's putative class action because it arises

under the laws of the United States.

5.      This case arises from the origination and the servicing of Plaintiff's mortgage

loan. The Complaint alleges that Defendants engaged in improper mortgage loan origination

practices, including but not limited to, the failure to provide Plaintiff with a "good faith estimate"

of loan settlement charges and a loan commitment letter, and the charging of improper and/or

excessive loan fees. Complaint, ¶¶ 7-11. Plaintiff also alleges that Defendants failed respond to

"qualified written requests" when servicing a loan. Complaint, ¶ 34(f).

6.  Plaintiff states that he "seeks rescission and restitution … and injunctive relief as the defendants violated" the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the federal regulations under RESPA, 24 C.F.R. Part 3500, the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and the federal regulations under TILA, 12 C.F.R. Part 26. Complaint, ¶¶ 1, 34(b).

7.  Plaintiff identifies as a legal question as to which he intends to pursue relief "[w]hether Lender fails to timely provide, after a qualified written report has been made of it, written responses that address each of the issues raised in said request." Complaint, ¶ 34(f). In so doing, Plaintiff plainly is invoking the federal law requirement that loan servicers respond timely and appropriately to so-called "qualified written requests," and can be sued in state or federal court in a class action for having failed to do so. 12 U.S.C. § 2605(f)(2); 24 C.F.R. Part 3500 *et seq.*

8.  This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Plaintiff's Complaint arises under the laws of the United States because RESPA and TILA (and their governing regulations) are laws of the United States and Plaintiff seeks recovery under those laws.

9.  The Court has supplemental jurisdiction over Plaintiff's claims under G.L. c. 93A and 140D as well as Plaintiff's common law claims because they are so related to the federal claims that they form part of the same cause or controversy. 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of state law and Plaintiff's state law claims do not substantially predominate over his federal claims. See 28 U.S.C. § 1367(c).

### "Class Action Fairness Act" Jurisdiction

10.     This Court has original jurisdiction over Plaintiff's putative class action under the "Class Action Fairness Act," codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

11.     Pursuant to the Act, a putative "class action" commenced after February 18, 2005 — i.e., the effective date of the Act — may be removed to the appropriate United States District Court if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(A).

12.     This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(d) because all of the requirements for such jurisdiction are met.

13.     First, the Act is applicable to the State Court Action because the Action was commenced after the effective date of the Act. 28 U.S.C. § 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," — i.e., February 18, 2005.).

14.     Second, the State Court Action is a "class action" within the meaning of the Act because it is a "civil action filed under" Mass. R. Civ. P. 23 (see Complaint, ¶ 29) — i.e., Massachusetts' analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

15.     Third, one or more members of the putative class are citizens of states different from Countrywide. Full Spectrum is now a division of Countrywide, having merged into Countrywide in 2004. Countrywide is a New York corporation with its principal place of business in Calabasas, California. As such, Countrywide is deemed to be a citizen of New York

4

and/or California for purposes of 28 U.S.C. § 1332. By contrast, according to the allegations in the Complaint, Plaintiff is a citizen of Massachusetts and the putative class is alleged to include "5,000 [other] Class Members" from Massachusetts and "many more" from throughout the United States. Complaint, ¶¶ 2, 30. Thus, based upon Plaintiff's own allegations, it is evident that Countrywide is a citizen of states different from at least one class member. The diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) and (d)(7) is thus met.

16.    Fourth, the amount in controversy at issue in the State Court Action satisfies the Act's requirement. Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members may be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." As set forth in the Complaint, Plaintiff seeks to recover damages for Defendants' alleged improper mortgage origination and servicing practices. Complaint, ¶ 16. He also purports to bring this action on behalf of "all persons and entities who have or had mortgage loans owned or serviced by [Defendants]," and alleges that there are at least 5,000 Class Members whose damages are similar to his. Complaint, ¶¶ 29-31. In 2004, Full Spectrum and Countrywide collectively closed approximately 1,383,378 loans, and Defendants collectively serviced approximately 6,261,578 loans. For at least the following reasons, singularly and/or in combination, the allegations in the Complaint demonstrate that the amount in controversy exceeds $5,000,000, exclusive of interest and costs:[1]

(a)    The Complaint alleges that Defendants charged Plaintiff excess loan fees and charges in the amount of $1,827.75. See Complaint, ¶¶ 11, 20, 31. It further alleges

---

[1]    Defendants deny all liability against them and deny that Plaintiff and/or the putative class are entitled to or will recover in any amount. Defendants do not concede or admit that, if liability is found, it will exceed $5,000,000. They instead provide the figures in this Notice to

that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on behalf of himself and the putative class, disgorgement of the excess fees and charges and requests "a full accounting of all revenues (and interest thereon) and costs incurred." Id., ¶ 22. Disgorgement of $1,827.75 in excess fees and charges for Plaintiff and the alleged 5,000 putative class members from Massachusetts alone would amount to a total disgorgement of $9,138,750 in fees. Based on the number of mortgage loans closed by both Defendants nationwide last year, disgorgement of $1,827.75 in excess fees and charges alleged by Plaintiff would amount to in excess of $50 million in disgorgement of fees and charges for putative class members who closed their mortgage loans with either Defendant in 2004.[2]

(b)    Even if a class member did not incur precisely $1,827.75 in fees, the $5,000,000 amount in controversy is still met based upon the allegations of improper fees. The charges alleged in the Complaint to be excessive or improper are common types of charges on mortgage loans originated by Defendants — for example, some appraisal fee and some tax service fee is charged on almost every loan — and the range of charges as alleged for those two fees is common (though Defendants deny charging duplicative or unnecessary fees). If, as alleged, then the class consists of at least 5,001 persons, the excess fees at issue would only need to average $1,000 for the amount in controversy to be met. Using actual figures for persons who closed a loan with either

---

demonstrate that the aggregate "amount in controversy," judged by the alleged (but unproven facts), meets the statutory threshold.

[2]    See Note 1, supra.

Defendant during the last year, the average excess fees per class member would need only be approximately $3.62 to satisfy the jurisdictional threshold. It is reasonably likely under the circumstances that the amount in controversy is met.[3]

(c)    The Complaint alleges that Defendants breached Plaintiff's mortgage loan agreement, and that he incurred $12,126.92 in damages, other than the loan fees, as a result of the alleged breaches. Complaint, ¶¶ 16-17. It further alleges that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on behalf of himself and the putative class, damages for breach of contract. Complaint, ¶ 18. Breach of contract damages for Plaintiff and the alleged 5,000 putative class members would amount to an award of in excess of $50 million if each class member sustained the same breach of contract damages as Plaintiff allegedly incurred. Based on the number of mortgage loans closed by both Defendants last year, the award for breach of contract damages for each class member who closed loans with either Defendant in 2004 and sustained $12,126.92 in damages would also likely amount to in excess of $50 million.[4]

(d)    Even if a class member did not incur precisely $12,126.92 in damages, the $5,000,000 amount in controversy is still met based upon the allegation of breach of contract damages. If, as alleged, the class consists of at least 5,001 persons, the breach of contract damages at issue would only need to average $1,000 for the amount in controversy to be met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average breach of contract damages per class member

---

[3]    See Note 1, supra.

would only need to be approximately $3.62 to satisfy the $5,000,000 jurisdictional requirement of the Act.[5]

(e)    The Complaint alleges that Defendants violated G.L. c. 93A, § 9 by willfully committing "unfair trade practices." Complaint, ¶¶ 23-24. Plaintiff claims that he has incurred $17,003 in damages and $9,000 in attorney's fees and costs as a result of Defendants' alleged violation. Complaint, ¶¶ 11, 16. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. In addition to the $9,000 attorney's fees and costs he has incurred to date, Plaintiff seeks, on behalf of himself and the putative class, treble damages. Complaint, Prayers for Relief ¶ 3. As a result, Plaintiff's individual claim is for $51,009, plus $9,000 in attorneys' fees. An award of $51,000 under G.L. c. 93A, § 9 for Plaintiff and each of the alleged 5,000 putative class members would amount to more than $50 million; additional attorney's fees and costs would potentially be awardable. If the amount of attorneys fees and costs is, as alleged, $9,000 per person, that sum would be approximately $45 million. Based on the number of mortgage loans closed by both Defendants in Massachusetts last year (approximately 34,667), an award of relief as alleged by Plaintiff to all Massachusetts borrowers would likely amount to in excess of $50 million. Even if a class member did not incur precisely the same alleged loss, the $5,000,000 amount in controversy is still met. If, as alleged, the class consists of at least 5,001 persons, the Chapter 93A damages at issue would only need to average $1,000 (or, $333.33 in actual damages, trebled) for the amount in

---

[5]    See Note 1, supra.

controversy to be met. Using actual figures for persons who closed a loan with either Defendant in Massachusetts during the last year, each class member need only allege approximately $144.23 in actual damages (or, approximately, $48.08 in actual damages, trebled) to satisfy the jurisdictional requirement.[6]

(f)    Plaintiff further alleges that Defendants engage in "bait and switch" transactions, where they allegedly increase the agreed-upon loan interest rate on the eve of loan closing, when Plaintiff and the putative class members have "no choice but to close." Complaint, ¶¶ 8-10, 17-19, 23, 31, 34. In so doing, Plaintiff asserts, Defendants are able to collect additional loan interest, which Plaintiff seeks to recover in this lawsuit. Id. Though the Complaint is not specific in the amount of such alleged damages, Plaintiff alleges that this interest rate was increased by at least 1.125%, which would result in increased interest payments, over time, of more than $5,000 per year and probably resulted for him personally in a loss of about $1,250 (as he refinanced in three months). Complaint, ¶¶ 9, 13. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible, as described in this complaint." Complaint, ¶ 31. An award of $5,000 to the 5001 alleged members of the putative class would exceed $25 million; an award of $1,250 to the 5001 alleged members would exceed $6.25 million. Even if an alleged class member did not incur precisely the same amount of loss as alleged by Plaintiff, the $5,000,000 amount in controversy is still met. If, as alleged, the class consists of at least 5001 persons, damages in increased interest charges would only need to average $1,000 for the amount

---

[5]    See Note 1, supra.

9

in controversy to be met; it is reasonable to conclude that the class members' average alleged damages easily exceeds that amount, insofar as, for example, a 1% increase in loan interest on a $100,000 mortgage loan exceeds $1,000 in one (1) year.[7]

(g)    The Complaint seeks rescission of Plaintiff's mortgage loan that he took out on or about August 27, 2004. Complaint, ¶¶ 1, 8. At origination, the amount of Plaintiff's loan was $450,000. Complaint, ¶¶ 6,14. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. The Complaint further alleges that Plaintiff seeks, on behalf of himself and the putative class, rescission of their mortgage loans. Rescission of Plaintiff's and the alleged 5,000 putative class members' mortgage loans would put in excess of $50 million in loans in controversy if each class member sought rescission of a loan the same value ($450,000) as Plaintiff's mortgage loan. Based on the number of mortgage loans closed by Defendants last year, rescission of the mortgage loans of each class member who closed loans valued at $450,000 with either Defendant in 2004 would also likely put the amount in controversy in excess of $50 million.[8]

(h)    Even if a class member did not take out a mortgage loan valued precisely at $450,000, the $5,000,000 amount in controversy is still met based upon the allegation of rescission. If, as alleged, the class consists of 5,001 persons, the class member's mortgage loan would only need to average $1,000 for the amount in controversy to be

---

[6]    See Note 1, supra.

[7]    See Note 1, supra.

[8]    See Note 1, supra.

met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average amount of a loan would only need to be approximately $144.23 to satisfy the $5,000,000 jurisdictional requirement of the Act.[9]

(i)    As noted above, the Complaint asserts that the putative class consists of at least 5,001 members. Complaint, ¶ 30. Plaintiff claims that the putative class members incurred "substantial money damages" as a result of Defendants' alleged improper mortgage originating and servicing practices. Based on the allegations in the Complaint, each class member need only have $1,000 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[10]

(j)    Finally, as noted above, the Complaint includes vague and generalized allegations concerning purported improper loan servicing by Defendants. For example, Plaintiff alleges that this lawsuit concerns Defendants' purported (a) improper charging and collection of "service" charges and fees, and (b) failure to respond timely to alleged "qualified written request[s]" seeking loan information. See, e.g., Complaint, ¶ 34. Based upon these (and other similar) allegations, Plaintiff seeks to represent a class consisting on all "persons and entities who have or had mortgage loans owned or serviced" by Defendants over an unspecified period of time. Complaint, ¶ 29. In 2004 alone, Defendants serviced over 6 million loans. Given this, and based upon the allegations in the Complaint, each class member need only have less than $1.00 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[11]

---

[9]   See Note 1, supra.

[10]   See Note 1, supra.

[11]   See Note 1, supra.

10.     In light of Plaintiff's allegations that the putative class members, of which there are alleged to be at least 5,001, incurred "substantial money damages," including "actual and statutory damages," "treble damages," and "restitution based on unjust enrichment and disgorgement of funds unjustly obtained" as a result of Defendants' alleged improper mortgage origination and servicing practices, and based on the entirety of the Complaint as pled, it is reasonably likely that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.[12]

## Diversity Jurisdiction (pre-CAFA standards)

### Diversity of Citizenship

17.     Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states.

18.     Plaintiff is a citizen of Massachusetts, and has been since he filed the State Court Action. Plaintiff resides at 14 Everett Street, Norfolk, MA, and intends to stay at that residence. Complaint, ¶¶ 2 (alleging Plaintiff's residence), 30 (detailing Plaintiff's desire to represent Massachusetts residents, among other class members). Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992).

19.     Full Spectrum is now a division of Countrywide, and Countrywide is a citizen of New York and California. Thus, Defendants are citizens of New York and California for purposes of determining diversity jurisdiction. See 28 U.S.C. § 1332(c)(1) (defining corporate citizenship).

20.     Neither Full Spectrum nor Countrywide is a citizen of Massachusetts, where the State Court Action was brought. See 28 U.S.C. § 1441(b).

---

[12]     Defendants reserve their right to state additional reasons why the jurisdictional threshold is met, and to offer additional evidence in support of such reasons and this Notice.

<u>Amount in Controversy</u>

21.     The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.

22.     Whether the amount in controversy is met for the purposes of diversity jurisdiction depends on the claims of the named-plaintiff.  <u>Coventry Sewage Assocs. v. Dworkin Realty, Co.</u>, 71 F.3d 1, 6 (1st Cir. 1995).  The allegations in the Complaint make it clear that Plaintiff's claims exceed $75,000.

         (a)     <u>Rescission</u>.     Plaintiff seeks rescission of his mortgage loan.  <u>Complaint,</u> ¶ 1.  Plaintiff alleges that the loan was taken out on or about August 27, 2004.  <u>Id.</u>, ¶ 8.  At origination, the amount of the loan was $450,000.  <u>Id.</u>, ¶ 6, 14.  The amount of the loan at issue is considered part of the amount in controversy when rescission is requested.  <u>See, e.g.</u>, <u>Rosen v. Chrysler Corp.</u>, 205 F.3d 918, 921 (6th Cir. 2000) ("[W]here a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy.") (citing Fifth, Seventh, and Ninth Circuit cases); <u>Weddington v. Ford Motor Credit Co.</u>, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999)

         (b)     <u>Disgorgement</u>.     Plaintiff claims that Defendants "engaged in unfair mortgage practices" by collecting "monies that were not due and owing under applicable contract law because the contract or applicable law does not permit [Defendants] to collect such unreasonable fees and charges."  <u>Complaint</u>, ¶¶ 19-20.  According to the Complaint, Plaintiff seeks, on behalf of himself and "other class members," disgorgement of "all the profits earned from the said funds" and "a full accounting of all revenues (and interest thereon) and costs incurred."  <u>Id.</u>, ¶ 21-22.  The alleged disgorgement of the fees, if proven, would likely exceed $75,000, and for purposes of removal are attributable to

the named plaintiff. In re Microsoft Corp. Antitrust Litig., 127 F. Supp. 2d 720-21 (D. Md. 2001) (attributing amount of demanded disgorgement to representative plaintiff because that party may "recover the entire unjust benefit obtained by the defendant" in addition to his individual damages).

    (c)    Equitable Relief.    Plaintiff also seeks "injunctive relief" as a result of Defendants' alleged violations of various federal and state statutes. Complaint, ¶ 1. For purposes of ascertaining the amount in controversy, the value of Plaintiff's claims for equitable relief may be measured by Defendants' costs of compliance. In re Microsoft Corp., 127 F. Supp. 2d at 718-19. The value of Plaintiff's demand for injunctive relief would, if supported, exceed $75,000 because it would require not only changes in Defendants' procedures but also internal expenses and costs, and losses, the collective value of which would exceed that amount.

    (d)    Damages.    Plaintiff claims that he has incurred $17,003.62 in damages and costs as a result of Defendants' alleged improper mortgage origination and servicing practices. Complaint, ¶ 16. He also seeks statutory damages under Chapter 93A in an amount equal to three times that amount (id., Prayers for Relief ¶ 3), and statutory damages under TILA of no more than $1,000 but not less than $100. Complaint, ¶ 1, Prayers for Relief ¶ 2.

    (e)    Attorneys' Fees.    Plaintiff seeks to recover attorneys' fees awardable under Mass. G.L. c. 93A, § 9. Complaint, ¶¶ 1, 28. See G.L. c. 93A, § 9(3)(A) (entitling injured party to award of attorneys' fees). The potential award of attorneys' fees under G.L. c. 93A is included in the amount in controversy for diversity jurisdiction. Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (recognizing that attorneys' fees

awarded under G.L. c. 93A, §4 may be included in the amount in controversy determination). Plaintiff claims that amount is $9,000. Complaint, ¶ 16.

### Supplemental Jurisdiction

23.    The individual claims of the absent members of the putative class exceed $75,000, exclusive of interest and costs. The Complaint alleges that all damages and other awards sought for the named Plaintiff are also being sought on behalf of the putative class. Complaint, ¶¶ 1, 17-18, 22, 28, Prayers for Relief ¶¶ 1-4. Because the amounts requested by the named Plaintiff's claims satisfy the jurisdictional threshold, so too do the claims of the absent class members.

24.    Alternatively, if the jurisdictional amount is not satisfied as to the absent putative class members, removal of this putative class action is proper because this Court may exercise supplemental jurisdiction over absent class members under 28 U.S.C. § 1367. See, e.g., Payne v. Good year Tire & Rubber Co., 229 F. Supp. 2d 43, 52 (D. Mass. 2002); Rosmer v. Pfizer, Inc., 263 F.3d 110 (4th Cir. 2001); Gibson v. Chrysler Corp., 261 F.3d 927 (9th Cir. 2001); Stromberg Metal Works Inc. v. Press Mech., Inc., 77 F.3d 928 (7th Cir. 1996); In re Abbott Labs., 51 F.3d 524 (5th Cir. 1995).

25.    Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and/or 28 U.S.C. § 1367.

### **Compliance with the Removal Statute and Local Rules**

26.    As set forth in 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." Accordingly, the State Court

Action may be removed without regard to whether any defendant is a citizen of Massachusetts (which they are not), and it may be removed without the consent of all defendants.

27.    Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served upon defendant Full Spectrum, namely the Summons and Complaint. See 28 U.S.C. § 1446(a).

28.    Attached hereto as Exhibit B is a copy of all process, pleadings and orders served upon defendant Countrywide in the State Court Action, namely the Summons and Complaint. See 28 U.S.C. § 1446(a).

29.    Full Spectrum received by service the Summons and Complaint on March 2, 2005, and Countrywide received by service the Summons and Complaint on March 2, 2005. Receipt of the summons and complaint by each defendant was the first notice of the State Court Action or federal jurisdiction received by each defendant. Defendants file this Notice of Removal with the United States District Court for the District of Massachusetts on April 1, 2005, within 30 days after receipt by Defendants of the State Court Action Summons and Complaint. See 28 U.S.C. § 1446(b).

30.    Attached hereto as Exhibit C is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiffs' counsel and filed with the Clerk of the Superior Court for Norfolk County, Massachusetts. See 28 U.S.C. § 1446(d).

31.    Defendants will also file with the Clerk of the Superior Court for Norfolk County, Massachusetts a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

32.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

WHEREFORE, this action should proceed in the United States District Court for the

District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1000

Dated:  April 1, 2005

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   05   00310

BERIN LOCKWOOD, Individually and
on behalf of Class Members
.............................................., Plaintiff(s)

v.

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC.
.............................................., Defendant(s)

## SUMMONS

To the above-named Defendant:  FULL SPECTRUM LENDING, INC.

You are hereby summoned and required to serve upon  Evans J. Carter, Esq.
01701-0966
plaintiff's attorney, whose address is  P.O. Box 966, Framingham, MA., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. HOUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham, MA ......24th..........

day of .....February................., in the year of our Lord two thousand and ...five.............

.......................................... Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-23

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- *3 /0 C*

|  |  |
|---|---|
| BERIN LOCKWOOD, Individually<br>and on behalf of Class Members,<br><div align="right">**Plaintiff**</div><br><br>v.<br><br>FULL SPECTRUM LENDING, INC. and<br>COUNTRYWIDE HOME LOANS, INC.,<br><div align="right">**Defendants**</div> | **COMPLAINT, JURY CLAIM AND<br>REQUEST FOR CLASS CERTIFICATION** |

## I. Introduction and Overview of Action

1.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2.  The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3.  The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4.  The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

5.    The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.    Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.    No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.    At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.    The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10.   The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11.   In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

      a.    $535 Processing fee to Full Spectrum Lending (line 810);

      b.    $838.75 for owners' title insurance that was not requested (line 1110);

      c.    The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

      d.    Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

      A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12.   Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13.   As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14.    On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15.    On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16.    By the above-stated actions, the plaintiff has incurred damages and costs as follows:

    1.    Needless costs, fees and expenses to:

        i)    The Lender . . . . . . . . . . . . . . . . . . . . . . . . . $  4,876.70

        ii)    Mortgage payments made  . . . . . . . . . . . . . . .  12,126.92

        iii)    Attorney's fees and costs (to date) . . . . . . . .    9,000.00

                    **Total**           **$16,003.62**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17.    By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18.    The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19.    The Lender has engaged in unfair mortgage practices.

20.    The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21.    This claim is for disgorgement of the unjust enrichment to the Lender.

22.    The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23.    By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24.    The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25.    The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26.    On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27.    On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

28. As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29. The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30. Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31. The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32. The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33. A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34. Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

    b. Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.   Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.   Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.   Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.   Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.   The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.   Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.   In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.   The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.   Declare this action to be a Class Action.

2.   Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.   Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.   Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.    Award to plaintiff and to all Class Members such other and further relief as this court may
      deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

BERIN LOCKWOOD, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated:  February 18, 2005

| A **Settlement Statement** | U.S. Department of Housing And Urban Development | HUD-1 (3/86) OMB No. 2502-0265 |
|---|---|---|

**B. Type of Loan**

| ☐ FHA | 2. ☐ FmHA | 3. ☑ CONV. UNINS. | 6. File Number: | 7. Loan Number: | 8. Mortgage Ins. Case No.: |
|---|---|---|---|---|---|
| ☐ VA | 5. ☐ CONV. INS. | | | 68114669 | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers: | Berin Lockwood | F. Name and Address of Lender: |
|---|---|---|
| | 125 Pugsley Avenue | Full Spectrum Lending |
| | Apt. 516 | 500 Edgewater Park, Suite 568 |
| | Richmond Hill        Ont. | Wakefield, MA 01880 |

| E. Name and Address of Sellers: | James W. Sewell        Carolyn A. Sewell | H. Settlement Agent |
|---|---|---|
| | 14 Everett Street | Gary F. Kinsella |
| | | 22 Sumner Street |
| | Norfolk                    MA    02056 | Boston, MA 02125 |

| G. Property Location: | I. Settlement Date: | Place of Settlement: |
|---|---|---|
| 14 Everett Street | 08/27/2004 | Gary F. Kinsella  Atty. at Law |
| Norfolk          MA    02056 | | 22 Sumner Street Dorchester, MA 02125 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $535,718.21 | **420. Gross Amount Due To Seller** | $530,541.51 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $502,000.00 | **520. Total Reductions Amount Due Seller** | $164,581.45 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| **303. CASH** ☑ FROM ☐ TO **BORROWER:** | $33,718.21 | **603. CASH** ☑ TO ☐ FROM **SELLER:** | $365,960.06 |

Buyer's Initials _BL_                    Seller's Initials _JWS C.A.S._

**EXHIBIT**

_A_

Settlement Statement Page 2

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price 530,000.00 @ 5.0000 % = 26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. 15,900.00 to Re/Max Landmark | | | |
| 702. 10,600.00 to Re/Max Executive | | | |
| 703. Commission paid at Settlement | | | 26,500.00 |
| 704. | | | |
| 800. Items Payable in Connection With Loan | | | |
| 801. Loan Origination Fee % | | | |
| 802. Loan Discount % | | | |
| 803. Appraisal Fee to Appraisals Unlimited | | 75.00 | |
| 804. Credit Report to LandSafe | | 35.00 | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. Flood Certification to Landsafe Flood | | 25.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | 79.00 | |
| 810. Processing Fee to Full Spectrum Lending | | $35.00 | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. Items Required By Lender To Be Paid in Advance | | | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 /day | | 439.20 | |
| 902. Mortgage Insurance Premium for mo. to | | | |
| 903. Hazard Insurance Premium for yrs. to | | | |
| 904. yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ 484.44 per month | | | |
| 1004. months @ per month | | | |
| 1005. months @ per month | | | |
| 1006. months @ per month | | | |
| 1007. months @ per month | | | |
| 1008. Aggregate Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to Gary F. Kinsella, Esquire | | 695.00 | |
| 1102. Abstract or title search to Quirk Associates | | 150.00 | |
| 1103. Title examination to Gary F. Kinsella, Esq. | | 75.00 | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fee to | ) | | |
| (includes above item Numbers: | ) | | |
| 1108. Title insurance to First American Title Insurance Company | | 2,140.50 | |
| (includes above item Numbers: | ) | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | | |
| 1111. Rundown and Record to Quirk Associates | | 50.00 | |
| 1112. | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | 302.00 | 152.00 |
| 1202. City/county tax stamps: Deed ; Mortgage | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | 91.00 | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to Northstar Co. | | 150.00 | |
| 1302. Pest inspection to | | | |
| 1303. Overnight Delivery Fees to FedEx | | 35.00 | 25.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | 125.00 |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | $4,876.70 | $29,343.80 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers                                        Sellers

_Berin Lockwood_                    _James W. Sewell_    _Carolyn A. Sewell_
Berin Lockwood                      James W. Sewell      Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent                                        Date  08/27/2004
        Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**
Payoff Department
7105 Corporate Drive
Plano, TX 75024-4100
1-800-669-6607
972-526-1115

2,161

# PAYOFF DEMAND STATEMENT
### Statement Date: November 17, 2004
### Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
Chl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everott Street
Norfolk, MA 02056

Payoff Loan No.: 68114689-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | | |
| Interest from 11/01/2004 to 11/30/2004 | $ | 449,278.16 |
| *Statement Fees | | 2,543.35 |
| County Recording Fee | | 30.00 |
| | | 75.00 |
| **Total Payoff Due on Loan No. 68114689** | $ | 451,926.51 |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

¹ Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and owner's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114689-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT
B

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

Account No.: 68114669-2
Customer Name:  Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:

You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
Your payment has been returned to us by your financial institution for any reason.
A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
Potential collection charges that may be applied if your account is past due.
Late charges for delinquent payments received after: 12/16/2004.

IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.

SI necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

If you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information on an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Agreement. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

### Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

> Re:    Berin Lockwood (Borrower/Consumer)
>        14 Everett Street, Norfolk, MA 02056 (Home/Residence)
>        8/27/04 Mortgage Loan of $450,000
>        <u>DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.    Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.    Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.    Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.    M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).



EXHIBIT
C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 2
December 17, 2004

To-wit:

1. No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2. Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3. The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4. Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5. The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

   a. $535 processing fee to Full Spectrum Lending (line 810);

   b. $838.75 for owners to be insured that was not requested (line 1110); and

   c. The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6. The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7. No mortgage loan commitment letter was ever provided to the consumer/borrower.

8. No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9. No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/borrower at the closing.

10. It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

|   |   |   |
|---|---|---|
| a. | All closing costs, fees and expenses | $ 5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
|   | **TOTAL** | **$18,203.62** |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

### Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 23, 2004

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
     14 Everett Street, Norfolk, MA 02056 (Home/Residence)
     8/27/04 Mortgage Loan of $450,000
     AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.    A request for an itemized accounting of the above-stated loan is hereby demanded.

2.    Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

EXHIBIT
D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056

| ck no: | 1178114 | | Treasury id: | 27627349 | | Page: | 1 |
| e: | 12/13/2004 | | Comp. No: | 681 | | | CFC@POA |
| ck amount: | 87.78 | | Agency No: | 14669 | | | -ESR |
| | | | Escrow type: | 10 | | | |
| ck payee: | BERIN LOCKWOOD | | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | | |

| an no | Amount | Mortgagor | Reference |
| :114669 | 87.78 | BERIN LOCKWOOD | |

TAL:        87.78                                    *NUMBER OF ACCOUNTS:    1



⑈000ⵏⵏ78ⵏⵏⵏ⑈ ⑆031ⵏ00209⑆    386878990⑈

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

**550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 10, 2005

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:     Berin Lockwood (Borrower/Consumer)
        14 Everett Street, Norfolk, MA 02056 (Home/Residence)
        8/27/04 Mortgage Loan of $450,000
        <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

    This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

    This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

    I remain

                        Very truly yours,

                        EVANS J. CARTER

EJC/aec

EXHIBIT
E

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

**EXHIBIT**

F

Countrywide Home Loans Servicing LP

Department
Corporate Drive
75024-4100
-6607
72-526-1115

7,161

# PAYOFF DEMAND STATEMENT

Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:

Chl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everett Street
Norfolk, MA  02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | | |
| Interest from 11/01/2004 to 11/30/2004 | $ | 449,278.16 |
| *Statement Fees | | 2,543.35 |
| County Recording Fee | | 30.00 |
| | | 75.00 |
| Total Payoff Due on Loan No. 68114669 | $ | 451,926.51 |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.   They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

Wire funds to:

Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

Mail funds to:

Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX  75024-4100

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

This communication is from a debt collector

See page 2 for important information

S31QLCF 1029 4/4/2004

NOV 17 2005 9:04PM    FAX Station :    Law Office of Irina Sweinghte    p. 3

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

Account No.: 68114669-2
Customer Name: Berin Lockwood

The payoff amount is subject to change for various reasons, including but not limited to the following:

If you have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
If your payment has been returned to us by your financial institution for any reason.
If a scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
Potential collection charges that may be applied if your account is past due.
Late charges for delinquent payments received after: 12/16/2004.

**IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.**

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

You have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-6833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK. ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05   00310

BERIN LOCKWOOD, Individually and on
behalf of Class Members
.........................................., *Plaintiff(s)*

**v.**

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC.
.........................................., *Defendant(s)*

## SUMMONS

To the above-named Defendant:   COUNTRYWIDE HOME LOANS, INC.

You are hereby summoned and required to serve upon .... Evans J. Carter, Esq.,
P.O. Box 966
plaintiff's attorney, whose address is Framingham, MA 01701-0966 ........, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. ROUSE, Esquire
WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham, MA the .....24th..............

day of ........February................., in the year of our Lord two thousand and ..five...........................

A true copy Attest:

.................... Clerk

Deputy Sheriff Suffolk County

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-38

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- **_3 / 0  C_**

---

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

Defendants

---

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

## I. Introduction and Overview of Action

1.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification). The plaintiff is seeking to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2.  The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3.  The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4.  The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

F:\CARTER\LOCKWOOD\complaint.wpd

5.  The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.  Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.  No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.  At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.  The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10. The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11. In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

    a.  $535 Processing fee to Full Spectrum Lending (line 810);

    b.  $838.75 for owners' title insurance that was not requested (line 1110);

    c.  The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

    d.  Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

    A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12. Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13. As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14. On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15. On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16. By the above-stated actions, the plaintiff has incurred damages and costs as follows:

   1. Needless costs, fees and expenses to:

      i) The Lender . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4,876.70

      ii) Mortgage payments made . . . . . . . . . . . . . . . 12,126.92

      iii) Attorney's fees and costs (to date) . . . . . . . . <u>9,000.00</u>

              **Total**           **<u>$16,003.62</u>**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17. By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18. The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19.    The Lender has engaged in unfair mortgage practices.

20.    The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21.    This claim is for disgorgement of the unjust enrichment to the Lender.

22.    The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23.    By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24.    The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25.    The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26.    On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27.    On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

28.    As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.    The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.    Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.    The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.    The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.    A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

b.    Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.    Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.    Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.    Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.    Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.    The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.    The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.    Declare this action to be a Class Action.

2.    Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.    Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.    Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.     Award to plaintiff and to all Class Members such other and further relief as this court may deem meet, just and proper.

### THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

BERIN LOCKWOOD, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated: February 18, 2005

| A | **Settlement Statement** | | **U.S. Department of Housing And Urban Development** | | | |
|---|---|---|---|---|---|---|

HUD-1 (3/86) OMB No. 2502-0265

| B. Type of Loan | |
|---|---|
| ☐ FHA  2. ☐ FmHA  3. ☒ CONV. UNINS. | 6. File Number: |
| ☐ VA  5. ☐ CONV. INS. | 7. Loan Number: 60116669 |
| | 8. Mortgage Ins. Case No.: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers: | Berin Lockwood  125 Pugsley Avenue  Apt. 516  Richmond Hill          Ont. | F. Name and Address of Lender:  Full Spectrum Lending  500 Edgewater Park, Suite 568  Wakefield, MA 01880 |
|---|---|---|
| E. Name and Address of Sellers: | James W. Sewell          Carolyn A. Sewell  14 Everett Street  Norfolk          MA    02056 | H. Settlement Agent:  Gary F. Kinsella  22 Summer Street  Boston, MA  02125 |

| G. Property Location:  14 Everett Street  Norfolk          MA    02056 | I. Settlement Date:  08/27/2004 | Place of Settlement:  Gary F. Kinsella Atty. at Law  22 Summer Street Dorchester, MA 02125 |
|---|---|---|

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $535,718.21 | **420. Gross Amount Due To Seller** | $530,541.51 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 52,000.00  450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $502,000.00 | **520. Total Reductions Amount Due Seller** | $164,581.45 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| **303. CASH ☒ FROM ☐ TO BORROWER:** | $33,718.21 | **603. CASH ☒ TO ☐ FROM SELLER:** | $365,960.06 |

Buyer's Initials _BK_          Seller's Initials _JWS  CAS_

EXHIBIT
A

1030

Settlement Statement Page 2

| L. Settlement Charges | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | 530,000.00 @ 5.0000 % =26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. 15,900.00 | to Re/Max Landmark | | | |
| 702. 10,600.00 | to Re/Max Executive | | | |
| 703. Commission paid at Settlement | | | | 26,500.00 |
| 704. | | | | |
| 800. Items Payable In Connection With Loan | | | | |
| 801. Loan Origination Fee | % | | | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee to Appraisals Unlimited | | | 75.00 | |
| 804. Credit Report to LandSafe | | | 35.00 | |
| 805. Lender's Inspection Fee | | | | |
| 806. Mortgage Insurance Application Fee | | | | |
| 807. Assumption Fee | | | | |
| 808. Flood Certification to Landsafe Flood | | | 25.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | | 79.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | 535.00 | |
| 811. | | | | |
| 812. | | | | |
| 813. | | | | |
| 814. | | | | |
| 815. | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 /day | | | 439.20 | |
| 902. Mortgage Insurance Premium for | mo. to | | | |
| 903. Hazard Insurance Premium for | yrs. to | | | |
| 904. | yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard Insurance | months @ | per month | | |
| 1002. Mortgage Insurance | months @ | per month | | |
| 1003. City property taxes | months @ 484.44 | per month | | |
| 1004. | months @ | per month | | |
| 1005. | months @ | per month | | |
| 1006. | months @ | per month | | |
| 1007. | months @ | per month | | |
| 1008. Aggregate Adjustment | | | | |
| 1100. Title Charges | | | | |
| 1101. Settlement or closing fee to | Gary F. Kinsella, Esquire | | 695.00 | |
| 1102. Abstract or title search to | Quirk Associates | | 150.00 | |
| 1103. Title examination to | Gary F. Kinsella, Esq. | | 75.00 | |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | | | | |
| 1106. Notary fees to | | | | |
| 1107. Attorney's fees to | | | | |
| (includes above item Numbers: | | ) | | |
| 1108. Title Insurance to First American Title Insurance Company | | | 2,140.50 | |
| (includes above item Numbers: | | ) | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | | | |
| 1111. Rundown and Record to Quirk Associates | | | 50.00 | |
| 1112. | | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | | |
| 1200. Government Recording and Transfer Charges | | | | |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | 302.00 | 152.00 |
| 1202. City/county tax stamps: Deed ; Mortgage | | | | |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | 0.00 | 2,416.80 |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | 91.00 | |
| 1300. Additional Settlement Charges | | | | |
| 1301. Survey to Northstar Co. | | | 150.00 | |
| 1302. Pest inspection to | | | | |
| 1303. Overnight Delivery Fees to FedEx | | | 35.00 | 25.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | | 125.00 |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | $4,876.70 | $29,343.60 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers                                                              Sellers

Berin Lockwood                                          James M. Sewell              Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent                                                                                Date    08/27/2004
        Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**
Escrow Department
Corporate Drive
TX 75024-4100
669-6607
972-526-1115

3,161

# PAYOFF DEMAND STATEMENT
Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
CHI Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everett Street
Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | |
| *Statement Fees | | 2,543.35 |
| County Recording Fee | | 30.00 |
| | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | $ | 451,926.51 |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest' | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

' Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the Instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

This communication is from a debt collector

See page 2 for important information

EXHIBIT

B

5310.CF 1020 4/6/2004

Countrywide Home Loans Servicing LP
Payoff Demand Statement Page 2

Account No.: 68114669-2
Customer Name: Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:
- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0026.

As we have been informed prior to ordering this statement, Countrywide provides free verbal payoff information using an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (with a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is received may result in excess funds being drafted from your financial account. These funds will be returned with any other additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

**Evans J. Carter, P.C.**

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax     (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:     Berin Lockwood (Borrower/Consumer)
        14 Everett Street, Norfolk, MA 02056 (Home/Residence)
        8/27/04 Mortgage Loan of $450,000
        <u>DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.     Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.     Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.     Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.     M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).



EXHIBIT
C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page·No. 2
December 17, 2004

To-wit:

1.  No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2.  Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3.  The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4.  Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5.  The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

    a.  $535 processing fee to Full Spectrum Lending (line 810);

    b.  $838.75 for owners to be insured that was not requested (line 1110); and

    c.  The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6.  The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7.  No mortgage loan commitment letter was ever provided to the consumer/borrower.

8.  No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9.  No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/ borrower at the closing.

10. It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

|     |                                        |             |
| --- | -------------------------------------- | ----------- |
| a.  | All closing costs, fees and expenses   | $ 5,176.70  |
| b.  | Four mortgage payments made            | 12,126.92   |
| c.  | Reasonable attorney fees               | 900.00      |
|     | **TOTAL**                              | **$18,203.62** |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
14 Everett Street, Norfolk, MA 02056 (Home/Residence)
8/27/04 Mortgage Loan of $450,000
AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.    A request for an itemized accounting of the above-stated loan is hereby demanded.

2.    Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

**EXHIBIT**
D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056

| ck no: | 1178114 | Treasury id: | 27627349 | | Page: | 1 |
| e: | 12/13/2004 | Comp. No: | 681 | | | CFCBPOA |
| ck amount: | 87.78 | Agency No: | 14669 | | | ~ESR |
| | | Escrow type: | 10 | | | |
| ck payee: | BERIN LOCKWOOD | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | | |

| an no | Amount | Mortgagor | Reference |
|---|---|---|---|
| 114669 | 87.78 | BERIN LOCKWOOD | |

TAL:        87.78

*NUMBER OF ACCOUNTS:    1



⑈000⑈1781⑈14⑈  ⑆031⑈00209⑈:    38687899⑈

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

Evans J. Carter, P.C.

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Telephone (508) 620-0140
Telefax   (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

**EXHIBIT**

E

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax  (508) 875-7728

January 17, 2005

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
14 Everett Street, Norfolk, MA 02056 (Home/Residence)
8/27/04 Mortgage Loan of $450,000
<u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

**EXHIBIT**
F

**Countrywide Home Loans Servicing LP**

Payoff Department
Corporate Drive
TX 75024-4100
669-6607
972-526-1115

7,161

# PAYOFF DEMAND STATEMENT

Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:

Chi Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

**Property Address:**

Berin Lockwood
14 Everett Street
Norfolk, MA 02056

**Payoff Loan No.: 68114669-2**
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | $ | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate + 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.   They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX346
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

S31 GLCF 1039 4/97/2004

MAY 17 2005 91:09PM    Fax Station :    Law Office of Irina Sumrighto           p. 3

**Countrywide Home Loans Servicing LP**                    **Account No.: 68114669-2**
**Payoff Demand Statement Page 2**                **Customer Name: Berin Lockwood**

Payoff amount is subject to change for various reasons, including but not limited to the following:

- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuniquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0026.

If you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (up to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| ) | |
| BERIN LOCKWOOD, Individually ) | Civil Action No. _____ |
| and on behalf of Class Members, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF REMOVAL TO** |
| ) | **ALL ADVERSE PARTIES** |
| FULL SPECTRUM LENDING, INC. ) | |
| and COUNTRYWIDE HOME LOANS, ) | |
| LOANS, INC. ) | |
| ) | |
| Defendants. ) | |

TO:    Evans J. Carter, P.C.
       HARGRAVES, KARB, WILCOX
          & GALVANI, LLP
       550 Cochituate Road
       P.O. Box 966
       Framingham, MA  01701-0966

PLEASE TAKE NOTICE, that on April 1, 2005, defendants Full Spectrum Lending, Inc.

(n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and Countrywide

Home Loans, Inc. filed a Notice of Removal of this action to the United States District Court for

the District of Massachusetts.  A true and correct copy of the Notice of Removal is annexed

hereto.

This Notice is served upon you as counsel of record for plaintiff Berin Lockwood in

compliance with 28 U.S.C. § 1446.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1000

Dated: April __, 2005

LIBA/1522234.1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                  SUPERIOR COURT DEPT.
                                             OF THE TRIAL COURT

BERIN LOCKWOOD, Individually and on
behalf of Class Members,

       Plaintiff,

    v.

                           Civil Action No. 05-00310

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

       Defendants.

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the District of Massachusetts on April 1, 2005. A copy of said Notice of Removal is attached to this Notice, and is served and filed herewith.

      PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), this notice is hereby provided to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department for Norfolk County, to effect removal, and the Norfolk County Superior Court shall proceed no further unless and until the case is remanded.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated:  April __, 2005

LIBA/1522236.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Berin Lockwood v. Full Spectrum Lending

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

- [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

- [X] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]     NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]     NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]     NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]     NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]     NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [X]     Central Division [ ]     Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]     NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Thomas M. Hefferon, Esq.

ADDRESS  Goodwin Procter LLP, 901 New York Ave., N.W., Washington D.C. 20001

TELEPHONE NO.  202-346-4000

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Berin Lockwood

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Evans J. Carter
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
Framingham, MA 01701  Tel. 508-620-0140

## DEFENDANTS

Full Spectrum Lending, Inc. and
Countrywide Home Loans, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known) Thomas M. Hefferon
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109  Tel. 617-570-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. Sec. 2601-17
Brief description of cause:
See attached sheet

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

None (See instructions):

JUDGE

DOCKET NUMBER

DATE
April 1, 2005

SIGNATURE OF ATTORNEY OF RECORD
*Thomas M. Hefferon / BLB*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## Attachment to Civil Cover Sheet

Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, compensatory and treble damages, attorney's fees, and injunctive relief. The plaintiff is seeking in this complaint to certify a nationwide class action.