# GOODWIN | PROCTER

Brooks R. Brown
617.570.1837
bbrown@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

March 11, 2005

**By Facsimile**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
Framingham, MA 01701-0966

Re: *Lockwood v. Full Spectrum Lending, Inc., et al.,*
*Norfolk Superior Court Civil Action No. 05-00310-C.*

Dear Evans:

     I write to follow-up on our conversation yesterday afternoon. First, this will confirm our agreement that Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. (collectively, "Defendants") shall have up to and including April 22, 2005 to answer or otherwise plead in response to the Complaint in the above-referenced matter. As always, I appreciate your courtesy in granting this extension.

     Second, I am enclosing for your review a copy of the "Mutual Agreement to Arbitrate Claims" ("Agreement") executed by Mr. Lockwood in connection with the mortgage loan transaction at issue in this lawsuit. As we discussed, the Agreement expressly provides that Mr. Lockwood's claims "shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) Code of Procedure ... of the National Arbitration Forum ...; and (ii) th[e] Agreement ...." *See* Agreement at 1. Accordingly, please let me know whether Mr. Lockwood intends to withdraw his Complaint and submit his claim or claims relevant to the subject transaction, including those asserted in the above-referenced lawsuit, to the mandatory arbitration process outlined in the Agreement. Please be advised that, if Mr. Lockwood resists arbitration, Defendants intend to seek appropriate relief from the court, including, among other things, an order compelling arbitration and an award of all attorneys' fees incurred in securing such an order.

GOODWIN | PROCTER

Evans J. Carter, Esq.
Page 2
March 10, 2005


       Thank you for your attention to this matter and I will look forward to hearing from you soon.

                        Sincerely yours,

                        Brooks R. Brown

BRB:mtg
Enclosures
cc:    Thomas M. Hefferon, Esq.

LIBA/1513684.1

Prepared by: DAVE L. DROZD

FULL SPECTRUM LENDING, INC.

DATE: 08/26/2004
BORROWER: BERIN LOCKWOOD
CASE #:
LOAN #: 68114669
PROPERTY ADDRESS: 14 EVERETT STREET
NORFOLK, MA 02056-1609

Branch #: 0000845
1600 GOLF ROAD, THIRD FLOOR
ROLLING MEADOWS, IL 60008
Phone: (800) 998-8223
Br Fax No.: (847) 545-4753

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS
### READ THE FOLLOWING ARBITRATION AGREEMENT CAREFULLY.

In consideration of Lender's extension of credit, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, it is further agreed as follows:

**Definitions for Arbitration Agreement:** As used in this Arbitration Agreement ("Agreement"), the following definitions will apply:
"You" or "Your" means any or all persons who execute this Agreement, and their heirs, survivors, assigns, and representatives.
"We" or "Us" means Lender, its corporate parents, subsidiaries, affiliates, predecessors, successors, employees, agents, directors, officers, and representatives (whether acting in their corporate or individual capacity).

"Credit Transaction" means the obligation, or proposed obligation, identified by the above-referenced Loan Number and the notes, security agreements, application and other related documents, and any modification, extension or forbearance of the obligation.
"Claim" means any case, controversy, dispute, lawsuit, or claim now or hereafter existing between You and Us arising out of, relating to or associated with the Credit Transaction. A Claim includes, without limitation, anything arising out of or relating to:

- This Agreement;
- The Credit Transaction;
- Any insurance, service, or product that is offered by Us in connection with the Credit Transaction, and any associated fees or charges;
- Any documents or instruments that contain information about the Credit Transaction, or any associated insurance, service, or product;
- Any act or omission concerning servicing, collecting, or enforcing the Credit Transaction; or
- Any act or omission concerning any Claim.

**Agreement to Arbitrate Claims.** All Claims, except the Excluded Claims specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) the Code of Procedure ("Code") of the National Arbitration Forum ("Administrator" or "NAF") and (iii) this Agreement, unless all parties agree in writing to forego arbitration. In the event of any Claim subject to this Agreement, both You and We further agree to arbitrate any claims by or against any other person or entity, such as investors, brokers, appraisers, sellers, closing agents, and real estate agents, ("third party claims") connected in any way with the Credit Transaction, if such other person or entity agrees, either before or after notification of the third party claim, to submit such third party claim to binding arbitration in accordance with the terms of this Agreement. The terms of this Agreement shall control any inconsistency between the rules of the Administrator and this Agreement. You may obtain a copy of the arbitration rules by calling (800) 474-2371 or by contacting the NAF website at www.arbitration-forum.com. Any party to this Agreement may bring an action to compel arbitration of any Claim, and/or to stay the litigation of any Claims (except Excluded Claims) pending arbitration, in any court having jurisdiction. Such motion may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. Examples of Claims that are governed by this Agreement include, without limitation, those involving:

- The Truth in Lending Act and Regulation Z;
- The Equal Credit Opportunity Act and Regulation B;
- The Real Estate Settlement Procedures Act and Regulation X;
- State insurance, usury, and lending laws; fraud or misrepresentation, including claims for failing to disclose material facts;
- Any other federal or state consumer protection statute or regulation;
- Any party's execution of this Agreement and/or willingness to be bound by its terms and Agreements; or
- Any dispute about making, closing, servicing, collecting, or enforcing the Credit Transaction.

**Judgment.** Judgment upon any arbitration award may be entered in any court having jurisdiction.

**Claims Excluded from Arbitration.** The following types of matters ("Excluded Claims") are excluded from arbitration. This means that neither one of us can require the other to arbitrate:
- Any action to effect a judicial or nonjudicial foreclosure or to establish a deficiency judgment;
- Any unlawful detainer or other summary proceeding to secure possession of real property securing the Credit Transaction;
- Bankruptcy proceedings other than adversary proceedings;
- Any action for interpleader; or
- Any action brought in small claims court where all parties seek monetary damages in the aggregate of $5,000.00 or less in total damages (compensatory and punitive), costs, and fees.

FHA/VA/CONV
• Arbitration Agreement
2E254-US (05/04)(d)



Page 1 of 3


*23991*


*06811466900000002E254*

LOAN #: 68114669

However, should either party initiate arbitration concerning an Excluded Claim, the other party, at its sole option, may consent to the arbitration and may seek injunctive and monetary relief in the arbitration. Participating in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate any other Claim.

Administration of Arbitration. To initiate the arbitration process, the aggrieved party must file a written Claim with the Administration. Arbitration shall be administered by the Administrator, but if it is unable or unwilling to administer the arbitration, them J.A.M.S./Endispute Inc. will administer any arbitration required under this Agreement. however such arbitration shall be conducted pursuant to the Code.

**Additional Terms Applicable to Claims Subject to Arbitration.**

Place of Arbitration. The arbitration shall be conducted in the federal judicial district in which you reside, unless all parties agree to another location.

Exclusive Remedy. For Claims covered by this Agreement, arbitration is the parties' exclusive remedy. The arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement.

Decision of the Arbitrator. The decision of an arbitrator on any Claims submitted to arbitration as provided by this Agreement shall follow applicable substantive law and be in writing setting forth the findings of fact and law and the reasons supporting the decision. Such decision shall be final and binding upon the parties, subject to the right of appeal described below.

Appeal. Either You or We may appeal the arbitrator's award to a three-arbitrator panel which shall reconsider de novo any aspect of the initial award requested by the appealing party. Thereafter, either party shall have the right to appeal to an appropriate court with jurisdiction errors of law in the decision rendered by the arbitrators.

No Joinder of Parties. You agree that any arbitration proceeding will only consider Your Claims. Claims by or on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your Claims. Similarly, You may not join with other borrowers to bring Claims in the same arbitration proceeding, unless all of the borrowers are parties to the same Credit Transaction.

Discovery. The parties shall be entitled to engage in reasonable discovery in the form of requests for documents, interrogatories, requests for admission, physical and/or mental examinations and depositions. Physical and/or mental examinations must be justified under the standards set forth by the Federal Rules of Civil Procedure. At a mutually agreeable date, the parties will exchange lists of experts who will testify at arbitration. Each side may depose the other side's experts, and obtain the documents they reviewed and relied upon. The arbitrator shall resolve any disputes concerning discovery.

Fees and Costs. Your share of the filing fee will not exceed the lesser of (1)$125 or (2) 50% of the actual filing fee imposed by the Administrator. We shall pay for the remainder of the filing fee, and shall pay all other charges by the dispute resolution provider and arbitrator. Each party shall pay for each party's own costs and attorneys' fees. However, the arbitrator shall permit the prevailing party to recover fees and costs to the extent permitted by applicable law.

Governing Law. Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement; and the substantive law applied in all arbitrations covered by this Agreement shall be determined in accordance with the choice of law rules that would be applied by a United States District Court sitting at the place of the hearing, including applicable statutes of limitations. This Agreement shall be specifically enforceable.

Severability. If the arbitrator or any court determines that one or more terms of this Agreement or the arbitration rules are unenforceable, such determination shall not impair or affect the enforceability of the other provisions of this Agreement or the arbitration rules.

Assignment of Arbitration Rights. Either You or We may assign this Arbitration Agreement to any other person or entity ("Assignee") that obtains any interest in the Credit Transaction (including, without limitation, an interest in the ownership or servicing thereof), whereupon each of us shall be obligated to resolve all Claims with such Assignee in accordance with the provisions of this Agreement. Whether or not You or We assign this Arbitration Agreement (or any note, security agreement, application or other loan related document),You and We shall remain bound by the provisions of this agreement.

Interstate Commerce: The Credit Transaction governed by this Agreement is involved in interstate commerce because, among other reasons, (i) We may be organized and existing under the laws of a state different than the state in which You reside, (ii) the funds with which the Credit Transaction is made by Us may be provided through interstate financial markets by a depository institution or other lender chartered under the laws of the United States or of another state and physically located in another state, (iii) the investors to which We may sell the Credit Transaction may be organized under the laws of and physically located in another state and (iv) You may send your monthly payments to a servicer with responsibility to enforce the terms of the Credit Transaction that is organized under and physically located in another state.

WAIVERS  BY ENTERING INTO THIS AGREEMENT, WE AND YOU EACH KNOWINGLY AND VOLUNTARILY WAIVE (1) ANY AND ALL RIGHTS EITHER HAVE UNDER LAW TO PURSUE REMEDIES IN COURT, INCLUDING, BUT NOT LIMITED TO, A TRIAL BEFORE A JURY, EXCEPT FOR THE EXCLUDED CLAIMS, (2) THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM.

LOAN #: 68114669

YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ THIS AGREEMENT AND AFFIRM THAT YOU UNDERSTAND ITS TERMS AND ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

FULL SPECTRUM LENDING, INC.

_____  _____
Borrower                           Date
BERIN LOCKWOOD

By: Cliff Kitashima

Title: MD, Chief Credit/Compliance Officer

Date: 08/16/2004

_____  _____
Borrower                           Date

_____  _____
Borrower                           Date

_____  _____
Borrower                           Date

# GOODWIN | PROCTER

Brooks R. Brown
617.570.1837
bbrown@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

March 11, 2005

**By Facsimile**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
Framingham, MA  01701-0966

Re: *Lockwood v. Full Spectrum Lending, Inc., et al.,*
*Norfolk Superior Court Civil Action No. 05-00310-C.*

Dear Evans:

I write to follow-up on our conversation yesterday afternoon. First, this will confirm our agreement that Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. (collectively, "Defendants") shall have up to and including April 22, 2005 to answer or otherwise plead in response to the Complaint in the above-referenced matter. As always, I appreciate your courtesy in granting this extension.

Second, I am enclosing for your review a copy of the "Mutual Agreement to Arbitrate Claims" ("Agreement") executed by Mr. Lockwood in connection with the mortgage loan transaction at issue in this lawsuit. As we discussed, the Agreement expressly provides that Mr. Lockwood's claims "shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) Code of Procedure ... of the National Arbitration Forum ...; and (ii) th[e] Agreement ...." *See* Agreement at 1. Accordingly, please let me know whether Mr. Lockwood intends to withdraw his Complaint and submit his claim or claims relevant to the subject transaction, including those asserted in the above-referenced lawsuit, to the mandatory arbitration process outlined in the Agreement. Please be advised that, if Mr. Lockwood resists arbitration, Defendants intend to seek appropriate relief from the court, including, among other things, an order compelling arbitration and an award of all attorneys' fees incurred in securing such an order.

GOODWIN | PROCTER

Evans J. Carter, Esq.
Page 2
March 10, 2005

       Thank you for your attention to this matter and I will look forward to hearing from you soon.

                                Sincerely yours,

                                Brooks R. Brown

BRB:mtg
Enclosures
cc:    Thomas M. Hefferon, Esq.

LIBA/1513684.1

Prepared by: DAVE L. DROZD

FULL SPECTRUM LENDING, INC.

DATE: 08/26/2004
BORROWER: BERIN LOCKWOOD
CASE #:
LOAN #: 68114669
PROPERTY ADDRESS: 14 EVERETT STREET
NORFOLK, MA 02056-1609

Branch #: 0000845
1600 GOLF ROAD, THIRD FLOOR
ROLLING MEADOWS, IL 60008
Phone: (800) 998-8223
Br Fax No.: (847) 545-4753

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS
### READ THE FOLLOWING ARBITRATION AGREEMENT CAREFULLY.

In consideration of Lender's extension of credit, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, it is further agreed as follows:

**Definitions for Arbitration Agreement.** As used in this Arbitration Agreement ("Agreement"), the following definitions will apply:

"You" or "Your" means any or all persons who execute this Agreement, and their heirs, survivors, assigns, and representatives.

"We" or "Us" means Lender, its corporate parents, subsidiaries, affiliates, predecessors, successors, employees, agents, directors, officers, and representatives (whether acting in their corporate or individual capacity).

"Credit Transaction" means the obligation, or proposed obligation, identified by the above-referenced Loan Number and the notes, security agreements, application and other related documents, and any modification, extension or forbearance of the obligation.

"Claim" means any case, controversy, dispute, lawsuit, or claim now or hereafter existing between You and Us arising out of, relating to or associated with the Credit Transaction. A Claim includes, without limitation, anything arising out of or relating to:

- This Agreement;
- The Credit Transaction;
- Any insurance, service, or product that is offered by Us in connection with the Credit Transaction, and any associated fees or charges;
- Any documents or instruments that contain information about the Credit Transaction, or any associated insurance, service, or product;
- Any act or omission concerning servicing, collecting, or enforcing the Credit Transaction; or
- Any act or omission concerning any Claim.

**Agreement to Arbitrate Claims.** All Claims, except the Excluded Claims specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) the Code of Procedure ("Code") of the National Arbitration Forum ("Administrator" or "NAF") and (iii) this Agreement, unless all parties agree in writing to forego arbitration. In the event of any Claim subject to this Agreement, both You and We further agree to arbitrate any claims by or against any other person or entity, such as investors, brokers, appraisers, sellers, closing agents, and real estate agents, ("third party claims") connected in any way with the Credit Transaction, if such other person or entity agrees, either before or after notification of the third party claim, to submit such third party claim to binding arbitration in accordance with the terms of this Agreement. The terms of this Agreement shall control any inconsistency between the rules of the Administrator and this Agreement. You may obtain a copy of the arbitration rules by calling (800) 474-2371 or by contacting the NAF website at www.arbitration-forum.com. Any party to this Agreement may bring an action to compel arbitration of any Claim, and/or to stay the litigation of any Claims (except Excluded Claims) pending arbitration, in any court having jurisdiction. Such motion may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. Examples of Claims that are governed by this Agreement include, without limitation, those involving:

- The Truth in Lending Act and Regulation Z;
- The Equal Credit Opportunity Act and Regulation B;
- The Real Estate Settlement Procedures Act and Regulation X;
- State insurance, usury, and lending laws; fraud or misrepresentation, including claims for failing to disclose material facts;
- Any other federal or state consumer protection statute or regulation;
- Any party's execution of this Agreement and/or willingness to be bound by its terms and Agreements; or
- Any dispute about making, closing, servicing, collecting, or enforcing the Credit Transaction.

**Judgment.** Judgment upon any arbitration award may be entered in any court having jurisdiction.

**Claims Excluded from Arbitration.** The following types of matters ("Excluded Claims") are excluded from arbitration. This means that neither one of us can require the other to arbitrate:

- Any action to effect a judicial or nonjudicial foreclosure or to establish a deficiency judgment;
- Any unlawful detainer or other summary proceeding to secure possession of real property securing the Credit Transaction;
- Bankruptcy proceedings other than adversary proceedings;
- Any action for interpleader; or
- Any action brought in small claims court where all parties seek monetary damages in the aggregate of $5,000.00 or less in total damages (compensatory and punitive), costs, and fees.

FHA/VA/CONV
• Arbitration Agreement
2E254-US (05/04)(d)



Page 1 of 3



LOAN #: 68114669

However, should either party initiate arbitration concerning an Excluded Claim, the other party, at its sole option, may consent to the arbitration and may seek injunctive and monetary relief in the arbitration. Participating in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate any other Claim.

Administration of Arbitration. To initiate the arbitration process, the aggrieved party must file a written Claim with the Administration. Arbitration shall be administered by the Administrator, but if it is unable or unwilling to administer the arbitration, them J.A.M.S./Endispute Inc. will administer any arbitration required under this Agreement. however such arbitration shall be conducted pursuant to the Code.

**Additional Terms Applicable to Claims Subject to Arbitration.**
Place of Arbitration. The arbitration shall be conducted in the federal judicial district in which you reside, unless all parties agree to another location.

Exclusive Remedy. For Claims covered by this Agreement, arbitration is the parties' exclusive remedy. The arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement.

Decision of the Arbitrator. The decision of an arbitrator on any Claims submitted to arbitration as provided by this Agreement shall follow applicable substantive law and be in writing setting forth the findings of fact and law and the reasons supporting the decision. Such decision shall be final and binding upon the parties, subject to the right of appeal described below.

Appeal. Either You or We may appeal the arbitrator's award to a three-arbitrator panel which shall reconsider de novo any aspect of the initial award requested by the appealing party. Thereafter, either party shall have the right to appeal to an appropriate court with jurisdiction errors of law in the decision rendered by the arbitrators.

No Joinder of Parties. You agree that any arbitration proceeding will only consider Your Claims. Claims by or on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your Claims. Similarly, You may not join with other borrowers to bring Claims in the same arbitration proceeding, unless all of the borrowers are parties to the same Credit Transaction.

Discovery. The parties shall be entitled to engage in reasonable discovery in the form of requests for documents, interrogatories, requests for admission, physical and/or mental examinations and depositions. Physical and/or mental examinations must be justified under the standards set forth by the Federal Rules of Civil Procedure. At a mutually agreeable date, the parties will exchange lists of experts who will testify at arbitration. Each side may depose the other side's experts, and obtain the documents they reviewed and relied upon. The arbitrator shall resolve any disputes concerning discovery.

Fees and Costs. Your share of the filing fee will not exceed the lesser of (1)$125 or (2) 50% of the actual filing fee imposed by the Administrator. We shall pay for the remainder of the filing fee, and shall pay all other charges by the dispute resolution provider and arbitrator. Each party shall pay for each party's own costs and attorneys' fees. However, the arbitrator shall permit the prevailing party to recover fees and costs to the extent permitted by applicable law.

Governing Law. Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement; and the substantive law applied in all arbitrations covered by this Agreement shall be determined in accordance with the choice of law rules that would be applied by a United States District Court sitting at the place of the hearing, including applicable statutes of limitations. This Agreement shall be specifically enforceable.

Severability. If the arbitrator or any court determines that one or more terms of this Agreement or the arbitration rules are unenforceable, such determination shall not impair or affect the enforceability of the other provisions of this Agreement or the arbitration rules.

Assignment of Arbitration Rights. Either You or We may assign this Arbitration Agreement to any other person or entity ("Assignee") that obtains any interest in the Credit Transaction (including, without limitation, an interest in the ownership or servicing thereof), whereupon each of us shall be obligated to resolve all Claims with such Assignee in accordance with the provisions of this Agreement. Whether or not You or We assign this Arbitration Agreement (or any note, security agreement, application or other loan related document),You and We shall remain bound by the provisions of this agreement.

Interstate Commerce: The Credit Transaction governed by this Agreement is involved in interstate commerce because, among other reasons, (i) We may be organized and existing under the laws of a state different than the state in which You reside, (ii) the funds with which the Credit Transaction is made by Us may be provided through interstate financial markets by a depository institution or other lender chartered under the laws of the United States or of another state and physically located in another state, (iii) the investors to which We may sell the Credit Transaction may be organized under the laws of and physically located in another state and (iv) You may send your monthly payments to a servicer with responsibility to enforce the terms of the Credit Transaction that is organized under and physically located in another state.

WAIVERS. BY ENTERING INTO THIS AGREEMENT, WE AND YOU EACH KNOWINGLY AND VOLUNTARILY WAIVE (1) ANY AND ALL RIGHTS EITHER HAVE UNDER LAW TO PURSUE REMEDIES IN COURT, INCLUDING, BUT NOT LIMITED TO, A TRIAL BEFORE A JURY, EXCEPT FOR THE EXCLUDED CLAIMS, (2) THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM.

LOAN #: 68114669

YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ THIS AGREEMENT AND AFFIRM THAT YOU UNDERSTAND ITS TERMS AND ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

FULL SPECTRUM LENDING, INC.

_/s/ Bin Lockwood_ — 8/27/04
Borrower / Date
BERIN LOCKWOOD

By: Cliff Kitashima

Title: MD, Chief Credit/Compliance Officer

Date: 08/16/2004

Borrower / Date

Borrower / Date

Borrower / Date

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966



Telephone (508) 620-0140
Telefax   (508) 875-7728

# MEMO  VIA FAX [617-523-1231]

**To:**      Brooks R. Brown, Esq.
**From:**    Evans J. Carter, Esq.
**Subject:** Lockwood v. Countrywide Home Loans, et al. - <u>Settlement Negotiations</u>
**Date:**    March 17, 2005

Please note the following:

1. My client was never provided with a copy of the Arbitration Agreement.

2. I had Gary F. Kinsella, Esq., send me a "complete" set of the closing documents and the Arbitration Agreement was <u>not</u> enclosed.

3. Said Arbitration Agreement should have been given to my client <u>prior</u> to the closing in any event. If you want to go forward with this document, then we will require the original so that a handwriting expert can render an opinion.

If you can obtain a retired Massachusetts Superior Court Judge to act as the arbitrator and your client pays all costs to the National Arbitration Forum (which I have estimated to be $1,145) and the arbitrator can find M.G.L. Chapter 93A damages (if he so finds), then I would go along with such arbitration as long as it takes place in Norfolk County (where the property is located) and I can go back to court to obtain class action certification. I cannot be required to take the award even if it is for payment in full. We can stay the Superior Court case until the specific award (with findings) is made. Anything in "N.A.F." Rules to the contrary to these term shall be null and void.

As an aside, you might want to look at the case of <u>Nefores v. BrandDirect Marketing, Inc., et al.</u>, No. 03-CA-104, 2004 WL 2260703, at 2004 Ohio App. LEXIS 4607 (Ohio Ct. App. Sept. 17, 2004). I think that this was the second time last year an Ohio Appellate Court struck down an "N.A.F." arbitration clause.

Say hello to Tom Hefferon for me.

EJC/aec

# GOODWIN | PROCTER

Brooks R. Brown
617.570.1837
bbrown@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

March 17, 2005



**By Facsimile (508) 875-7728**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
Framingham, MA 01701-0966

**Re:** *Lockwood v. Full Spectrum Lending, Inc., et al.,*
*Norfolk Superior Court Civil Action No. 05-00310-C.*

Dear Evans:

This will respond to your March 17, 2005 letter.

Second, we believe that the Arbitration Agreement is clear that Mr. Lockwood's claims "must be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act [("FAA")]; (ii) Code of Procedure ... of the National Arbitration Forum [("Code")]...; and (iii) th[e] Agreement ...." *See* Agreement at 1. Given this, Countrywide cannot agree to Mr. Lockwood's proposal to engage in an arbitration process different than that required under the Agreement. Please let me know by the close of business on March 21, 2005 whether Mr. Lockwood will submit his claims to the mandatory arbitration process set forth in the Agreement. As I have advised you orally and in writing previously, if he is unwilling to do so, Defendants intend to seek appropriate relief from the court, including, among other things, an order compelling arbitration and an award of all attorneys' fees incurred in securing such.

Third, I have reviewed the Ohio Court of Appeals' decision in *Nefores v. BrandDirect Marketing, Inc.*, No. 03-CA-104, 2004 WL 2260703 (Ohio App. Ct., 5th Dist., 2004). That decision is factually inapposite from this case in several material respects. For example, in *Nefores*, the Court's ruling was predicated upon the fact that the subject arbitration agreement required plaintiff to pay "arbitration costs and fees" that were "prohibitive, unreasonable and unfair" under her particular circumstances. No such facts exist here. To the contrary, under the Arbitration Agreement, Defendants are responsible for "all . . . charges by the dispute resolution

LIBA/1515684.1

GOODWIN | PROCTER

Evans J. Carter, Esq.
Page 2
March 10, 2005

provider and arbitrator," excepting only a nominal portion of the arbitration filing fee. *Agreement* at 2.

  Finally, I was surprised to learn of Mr. Lockwood's claim that he "was never provided with a copy of the Arbitration Agreement." The first two pages of the Agreement bear his initials ("BL') and the final page bears his signature. Further, if you compare the initials and signature on the Agreement with those set forth on the copy of the HUD-1 Uniform Settlement Statement attached to Mr. Lockwood's Complaint, you will see that they are identical.

  Thank you for your attention to this matter.

        Sincerely yours,

        Brooks R. Brown

BRB:mtg
Enclosures
cc: Thomas M. Hefferon, Esq.

LIBA/1515684.1

# GOODWIN | PROCTER

Brooks R. Brown
617.570.1837
bbrown@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

March 22, 2005

**By Facsimile (508) 875-7728**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
Framingham, MA 01701-0966

    Re:    *Lockwood v. Full Spectrum Lending, Inc., et al.,*
            *Norfolk Superior Court Civil Action No. 05-00310-C.*

Dear Evans:

    I write to follow-up on my March 17 letter to you concerning the above matter. In that letter, I asked that you let me know by the close of business yesterday (March 21, 2005) whether Mr. Lockwood intended to submit his claims to the mandatory arbitration process set forth in the Arbitration Agreement. To date, I have not received any response from you on this issue. Given this, and inasmuch as we have not received any notice of the withdrawal of Mr. Lockwood's complaint, we intend to proceed with the understanding that Mr. Lockwood has refused to submit his claims to the arbitration process. Please contact us immediately if this understanding is not correct and Mr. Lockwood's position regarding arbitration has changed.

    Thank you for your attention to this matter.

                                            Sincerely yours,

                                            Brooks R. Brown

BRB:mtg

cc:    Thomas M. Hefferon, Esq.

LIBA/1364098.1