GOODWIN | PROCTER

Francis G. Kelleher
617.570.1587
fkelleher@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231



May 3, 2005


**By Hand**

Clerk's Office
United States District Court for
  the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02110

Re:    **Lockwood v. Full Spectrum Lending, Inc., et al.**
       **(D. Mass. Civ. No. 05-10647-MLW)**

Dear Sir/Madam:

Enclosed for manual filing and docketing in the above-referenced matter, please find the
documents listed in Appendix A to Defendants' Notice of Filing Certified Copies of State Court
Proceedings filed electronically earlier today, a copy of which is submitted herewith.

Kindly acknowledge receipt of the foregoing by date-stamping the photocopy enclosed for that
purpose and returning the same to my waiting messenger. Thank you for your assistance in this
matter.

Very truly yours,

Francis G. Kelleher

Enclosures

cc:    Brooks R. Brown, Esq., (w/o encl.)

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# NOCV2005-00310
## Lockwood v Full Spectrum Lending Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/22/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/05/2005 | **Session** | C - Civil C -CtRm 20 | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/23/2005 | **Answer** | 07/22/2005 | **Rule12/19/20** | 07/22/2005 |
| **Rule 15** | 07/22/2005 | **Discovery** | 12/19/2005 | **Rule 56** | 01/18/2006 |
| **Final PTC** | 02/17/2006 | **Disposition** | 04/18/2006 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Berin Lockwood
Active 02/22/2005

**Private Counsel 076560**
Evans J Carter
Hargraves Karb Wilcox & Galvani
550 Cochituate Road
PO Box 966
Framingham, MA 01701-0966
Phone: 508-620-0140
Fax: 508-875-7728
Active 02/22/2005 Notify

**Defendant**
Full Spectrum Lending Inc
Served: 03/02/2005
Served (answr pending) 03/14/2005

**Private Counsel 634144**
Brooks R Brown
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109-2881
Phone: 617-570-1000
Fax: 617-523-1231
Active 04/05/2005 Notify

**Defendant**
Countrywide Home Loans Inc
Served: 03/02/2005
Served (answr pending) 03/14/2005

*** See Attorney Information Above ***

A TRUE COPY

Attest: _(signature)_
Deputy Assistant Clerk
5/3/05

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/22/2005 | 1.0 | Complaint & jury claim filed $285.00 entry fee paid |
| 02/22/2005 | | Origin 1, Type A99, Track F. |
| 02/22/2005 | 2.0 | Civil action cover sheet filed |
| 02/22/2005 | | fast track notice sent to plff's attorney |
| 02/25/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 03/14/2005 | 3.0 | SERVICE RETURNED: in hand to B. Montanez agent accepting for Full Spectrum Lending Inc(Defendant)-served March 2,2005 |
| 03/14/2005 | 4.0 | SERVICE RETURNED: in hnd to B. Montanez agent accepting for Countrywide Home Loans Inc(Defendant)-served on March 2,2005 |
| 04/05/2005 | 5.0 | Case REMOVED this date to US District Court of Massachusetts (rec'd |

MAS-20041213
fostervi

Case 1:05-cv-10647-MLW   Document 11   Filed 05/03/2005   Page 3 of 33

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/03/2005
02:22 PM

## NOCV2005-00310
## Lockwood v Full Spectrum Lending Inc et al

| Date | Paper | Text |
|------|-------|------|
|      | 5.0   | 4/4/05) |

**EVENTS**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05   00310

---

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

Defendants

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

---

# I. Introduction and Overview of Action

1. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

# II. Parties

2. The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3. The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4. The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

5. The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6. Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7. No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8. At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9. The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10. The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11. In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

    a. $535 Processing fee to Full Spectrum Lending (line 810);

    b. $838.75 for owners' title insurance that was not requested (line 1110);

    c. The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

    d. Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

    A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12. Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13. As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14. On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15. On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16. By the above-stated actions, the plaintiff has incurred damages and costs as follows:

    1.    Needless costs, fees and expenses to:

        i)    The Lender . . . . . . . . . . . . . . . . . . . . . . . . . $  4,876.70

        ii)    Mortgage payments made . . . . . . . . . . . . . . . 12,126.92

        iii)    Attorney's fees and costs (to date) . . . . . . . . <u>9,000.00</u>

                **Total**        **<u>$16,003.62</u>**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17. By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18. The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19.    The Lender has engaged in unfair mortgage practices.

20.    The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21.    This claim is for disgorgement of the unjust enrichment to the Lender.

22.    The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23.    By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24.    The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25.    The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26.    On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27.    On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

28.    As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.    The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.    Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.    The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.    The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.    A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

b.    Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.    Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.    Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.    Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.    Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.    The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.    The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.    Declare this action to be a Class Action.

2.    Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.    Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.    Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.    Award to plaintiff and to all Class Members such other and further relief as this court may deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                    BERIN LOCKWOOD, Plaintiff
                    By his Attorney


                    _____
                    Evans J. Carter, Esq. (BBO # 076560)
                    Hargraves, Karb, Wilcox & Galvani, LLP
                    550 Cochituate Road
                    P.O. Box 966
                    Framingham, MA 01701-0966
                    (508) 620-0140

Dated:   February 18, 2005


A TRUE COPY
5/3/05

| L. Settlement Charges | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | 530,000.00 @ 5.0000 % = 26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. 15,900.00 | to Re/Max Landmark | | | |
| 702. 10,600.00 | to Re/Max Executive | | | 26,500.00 |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| 800. Items Payable in Connection With Loan | | | | |
| 801. Loan Origination Fee | % | | | |
| 802. Loan Discount | % | | 75.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | | 35.00 | |
| 804. Credit Report to LandSafe | | | | |
| 805. Lender's Inspection Fee | | | | |
| 806. Mortgage Insurance Application Fee | | | | |
| 807. Assumption Fee | | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | | |
| 811. | | | | |
| 812. | | | | |
| 813. | | | | |
| 814. | | | | |
| 815. | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | 439.20 | |
| 901. Interest from | 08/27/2004 to 08/31/2004 @ 87.84 /day | | | |
| 902. Mortgage Insurance Premium for | mo. to | | | |
| 903. Hazard Insurance Premium for | yrs. to | | | |
| 904. | yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard Insurance | months @ | per month | | |
| 1002. Mortgage Insurance | months @ | per month | | |
| 1003. City property taxes | months @ 484.44 | per month | | |
| 1004. | months @ | per month | | |
| 1005. | months @ | per month | | |
| 1006. | months @ | per month | | |
| 1007. | months @ | per month | | |
| 1008. Aggregate Adjustment | | | | |
| 1100. Title Charges | | | 695.00 | |
| 1101. Settlement or closing fee to | Gary F. Kinsella, Esquire | | 150.00 | |
| 1102. Abstract or title search to | Quirk Associates | | 75.00 | |
| 1103. Title examination to | Gary F. Kinsella, Esq. | | | |
| 1104. Title Insurance binder to | | | | |
| 1105. Document preparation to | | | | |
| 1106. Notary fees to | | | | |
| 1107. Attorney's fees to | | | | |
| (includes above Item Numbers: | ) | | | |
| 1108. Title insurance to First American Title Insurance Company | | | 2,140.50 | |
| (includes above Item Numbers: | ) | | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | | | |
| 1111. Rundown and Record to Quirk Associates | | | 50.00 | |
| 1112. | | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | | |
| 1200. Government Recording and Transfer Charges | | | 302.00 | 152.00 |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | | |
| 1202. City/county tax stamps: Deed ; Mortgage | | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | 91.00 | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | | |
| 1300. Additional Settlement Charges | | | 150.00 | |
| 1301. Survey to Northstar Co. | | | | |
| 1302. Pest inspection to | | | 35.00 | 25.00 |
| 1303. Overnight Delivery Fees to FedEx | | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | $4,876.70 | $29,343.80 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers                                                         Sellers

_Berin Lockwood_                    _James W. Sewell_          _Carolyn A. Sewell_
Berin Lockwood                         James W. Sewell            Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____          Date 08/27/2004

          Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**A. Settlement Statement**

**U.S. Department of Housing And Urban Development**

HUD-1 (3/86) OMB No. 2502-0265

**B. Type of Loan**

| | | | | |
|---|---|---|---|---|
| ☐ FHA | 2. ☐ FmHA | 3. ☑ CONV. UNINS. | 6. File Number: | 7. Loan Number: 68114669 | 8. Mortgage Ins. Case No.: |
| ☐ VA | 5. ☐ CONV. INS. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers: | F. Name and Address of Lender: |
|---|---|
| Berin Lockwood<br>125 Pugsley Avenue<br>Apt. 516<br>Richmond Hill        Ont. | Full Spectrum Lending<br>500 Edgewater Park, Suite 568<br>Wakefield, MA 01880 |

| E. Name and Address of Sellers: | H. Settlement Agent: |
|---|---|
| James W. Sewell        Carolyn A. Sewell<br>14 Everett Street<br>Norfolk            MA    02056 | Gary F. Kinsella<br>22 Sumner Street<br>Boston, MA 02125 |

| G. Property Location: | I. Settlement Date: | Place of Settlement: |
|---|---|---|
| 14 Everett Street<br>Norfolk        MA    02056 | 08/27/2004 | Gary F. Kinsella  Atty. at Law<br>22 Sumner Street Dorchester, MA 02125 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes       to | | 407. County taxes       to | |
| 108. Assessments       to | | 408. Assessments       to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | **$535,718.21** | **420. Gross Amount Due To Seller** | **$530,541.51** |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County taxes       to | | 511. County taxes       to | |
| 212. Assessments       to | | 512. Assessments       to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | **$502,000.00** | **520. Total Reductions Amount Due Seller** | **$164,581.45** |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| **303. CASH  ☑ FROM  ☐ TO  BORROWER:** | **$33,718.21** | **603. CASH  ☑ TO  ☐ FROM  SELLER:** | **$365,960.06** |

Buyer's Initials _BL_

Seller's Initials _JWS_ _CAS_

**EXHIBIT**

_A_

1030

Settlement Statement Page 2

| L. Settlement Charges | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | 530,000.00 @ 5.0000 % =26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. 15,900.00 | to Re/Max Landmark | | | |
| 702. 10,600.00 | to Re/Max Executive | | | 26,500.00 |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| 800. Items Payable in Connection With Loan | | | | |
| 801. Loan Origination Fee | % | | | |
| 802. Loan Discount | % | | 75.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | | 35.00 | |
| 804. Credit Report to LandSafe | | | | |
| 805. Lender's Inspection Fee | | | | |
| 806. Mortgage Insurance Application Fee | | | | |
| 807. Assumption Fee | | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | | |
| 811. | | | | |
| 812. | | | | |
| 813. | | | | |
| 814. | | | | |
| 815. | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | 439.20 | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 / day | | | | |
| 902. Mortgage Insurance Premium for | mo. to | | | |
| 903. Hazard Insurance Premium for | yrs. to | | | |
| 904. | yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard Insurance | months @ | per month | | |
| 1002. Mortgage Insurance | months @ | per month | | |
| 1003. City property taxes | months @ 484.44 | per month | | |
| 1004. | months @ | per month | | |
| 1005. | months @ | per month | | |
| 1006. | months @ | per month | | |
| 1007. | | | | |
| 1008. Aggregate Adjustment | | | | |
| 1100. Title Charges | | | 695.00 | |
| 1101. Settlement or closing fee to | Gary F. Kinsella, Esquire | | 150.00 | |
| 1102. Abstract or title search to | Quirk Associates | | 75.00 | |
| 1103. Title examination to | Gary F. Kinsella, Esq. | | | |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | | | | |
| 1106. Notary fees to | | | | |
| 1107. Attorney's fees to | | | | |
| (includes above item Numbers: | ) | | 2,140.50 | |
| 1108. Title insurance to First American Title Insurance Company | | | | |
| (includes above Item Numbers: | ) | | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | | | |
| 1111. Rundown and Record to Quirk Associates | | | 50.00 | |
| 1112. | | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | | |
| 1200. Government Recording and Transfer Charges | | | 302.00 | 152.00 |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | | |
| 1202. City/county tax stamps: Deed ; Mortgage | | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | 91.00 | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | | |
| 1300. Additional Settlement Charges | | | 150.00 | |
| 1301. Survey to Northstar Co. | | | | |
| 1302. Pest Inspection to | | | 35.00 | 25.00 |
| 1303. Overnight Delivery Fees to FedEx | | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | $4,876.70 | $29,343.80 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers

*Berin Lockwood*
Berin Lockwood

Sellers

*James W. Sewell*
James W. Sewell

*Carolyn A. Sewell*
Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent    Date 08/27/2004

Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

FIBERKRAFT, INC., BEDFORD, NH 800-258-1065

Exhibit B

**Countrywide Home Loans Servicing LP**

Field Department
Corporate Drive
TX 75024-4100
329-6607
72-526-1115

3,161

# PAYOFF DEMAND STATEMENT
## Statement Date: November 17, 2004
## Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
Chi Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everett Street
Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

*Daily Interest Daily interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and owner's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following this day.

Wire funds to:
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

Mail funds to:
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

call 1-800-669-6833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT
B

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

Account No.: 68114669-2
Customer Name: Berin Lockwood

payoff amount is subject to change for various reasons, including but not limited to the following:

- you have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- your payment has been returned to us by your financial institution for any reason.
- a scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- potential collection charges that may be applied if your account is past due.
- late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuniquese con nuestro Departamento de Servicio al Cliente al **1-800-295-0025.**

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information from an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of the demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (with a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

**This communication is from a debt collector**

Exhibit C

FIBERKRAFT, INC., BEDFORD, NH 800-258-1063

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

> Re:   Berin Lockwood (Borrower/Consumer)
>       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
>       8/27/04 Mortgage Loan of $450,000
>       <u>DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.    Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.    Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.    Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.    M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).

EXHIBIT

C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 2
December 17, 2004

To-wit:

1. No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2. Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3. The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4. Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5. The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

   a. $535 processing fee to Full Spectrum Lending (line 810);

   b. $838.75 for owners to be insured that was not requested (line 1110); and

   c. The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6. The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7. No mortgage loan commitment letter was ever provided to the consumer/borrower.

8. No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9. No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/ borrower at the closing.

10. It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

|   |   |   |
|---|---|---|
| a. | All closing costs, fees and expenses | $ 5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
|   | TOTAL | $18,203.62 |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

Exhibit D

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.    A request for an itemized accounting of the above-stated loan is hereby demanded.

2.    Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

EXHIBIT
D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012


BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056


| ck no: | 1178114 | | | |
|---|---|---|---|---|
| e: | 12/13/2004 | Treasury id: 27627349 | Page: | 1 |
| ck amount: | 87.78 | Comp. No: 681 | | CFC0P0A |
| | | Agency No: 14669 | | -ESR |
| | | Escrow type: 10 | | |
| ck payee: | BERIN LOCKWOOD | Escrow desc: A/C#068114669 ESCROW BAL REFUND | | |

| an no | Amount | Mortgagor | Reference |
|---|---|---|---|
| 114669 | 87.78 | BERIN LOCKWOOD | |


TAL:        87.78                                           *NUMBER OF ACCOUNTS:    1



THIS CHECK IS VOID WITHOUT A GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT ANGLE TO VIEW

⑆000117811⑆ ⑈031100209⑈        38687899⑉

Exhibit E

FIBERKRAFT, INC., BEDFORD, NH 800-258-1063

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
## Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax   (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

     This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

     This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

     I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

**EXHIBIT**
E.

EXHIBIT F

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
14 Everett Street, Norfolk, MA 02056 (Home/Residence)
8/27/04 Mortgage Loan of $450,000
<u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec



EXHIBIT
F

**Countrywide Home Loans Servicing LP**
Department
porate Drive
X 75024-4100
9-6607
72-526-1115

3,161

# PAYOFF DEMAND STATEMENT
Statement Date:  November 17, 2004
Statement Void After:  November 30, 2004

(B&C C-ARMS)

Mailed to:
   Chl Automated Payoff
   Faxed Demand
   X
   X 99999-9999
Faxed to:  1-617-327-2745

Escrow #

**Property Address:**
   Berin Lockwood
   14 Everett Street
   Norfolk, MA  02056

**Payoff Loan No.: 68114669-2**
Case #

| | | |
|---|---|---:|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily interest = Principal Balance × Interest Rate ÷ 365.

**...DED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES ...RE NOVEMBER 30, 2004.**

...funds must be made payable to **Countrywide Home Loans Servicing LP** and will be accepted by WIRE or
...FIED FUNDS ONLY.  They MUST reference the **Countrywide loan number, property address and
...er's name in the OBI (Originator Beneficiary Information)** field of the wire transfer or on the face of the check
...st be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or
...m of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following
...s day.

Wire funds to:
...eneficiary Bank: Bank of America
  ABA Routing #: 121 000 358
  Beneficiary Acct Name:  MRC
...eficiary Acct Number: 12356-19173
  Reference:  Berin Lockwood
  Loan Number: 68114669-2

Mail funds to:
Attention: Payoff Department, Mail Stop PTX346
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX  75024-4100

...e call 1-800-669-6833 for updated payoff information within 24 hours of submitting funds.

**This communication is from a debt collector**

*See page 2 for important information*

S31 0LCF 1000 4/N 2004

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

Account No.: 68114669-2
Customer Name: Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:

- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to cancel your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is complete may result in excess funds being drafted from your financial account. These funds will be returned with any other additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
3/14/0

SUPERIOR COURT
CIVIL ACTION

NO. 05   00310

BERIN LOCKWOOD, Individually and on
behalf of Class Members
........................................................, *Plaintiff(s)*

**v.**

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC.
........................................................, *Defendant(s)*

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
5/3/05

### SUMMONS

To the above-named Defendant:   COUNTRYWIDE HOME LOANS, INC.

You are hereby summoned and required to serve upon   Evans J. Carter, Esq.,
P.O. Box 966
plaintiff's attorney, whose address is ..Framingham,.MA.01701-0966........, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..Dedham,.MA....the ....24th.............

day of ...February..................., in the year of our Lord two thousand and ..five...........................

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**...D & FILED**
**CL... OF THE COURTS**
**NORFOLK COUNTY**
3/14/0...

SUPERIOR COURT
CIVIL ACTION

NO. 05 00310

BERIN LOCKWOOD, Individually and
on behalf of Class Members , *Plaintiff(s)*

**v.**

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC. , *Defendant(s)*

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
5/3/05

## SUMMONS

To the above-named Defendant:    FULL SPECTRUM LENDING, INC.

You are hereby summoned and required to serve upon   Evans J. Carter, Esq.,
01701-0966

plaintiff's attorney, whose address is   P.O. Box 966, Framingham, MA., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.   You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, ~~SUZANNE V. DELVECCHIO,~~ *Esquire*, at   Dedham, MA   the ......24th..........

day of .....February..............., in the year of our Lord two thousand and ....five.....................

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

# CIVIL ACTION COVER SHEET

**DOCKET NO.(S)** 05  00310

**Trial Court of Massachusetts
Superior Court Department**

County: NORFOLK

| | |
|---|---|
| **PLAINTIFF(S)** <br> BERIN LOCKWOOD, Individually and on Behalf of Others | **DEFENDANT(S)** <br> FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS, INC. |
| **ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** <br> Evans J. Carter, Esq.    (508) 620-0140 <br> P.O. Box 966 <br> Framingham, MA  01701-0966 <br> Board of Bar Overseers number:    076560 | **ATTORNEY (if known)** |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Contract | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determi
money damages.  For this form, disregard double or treble damage claims; indicate single damages o

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
    Subtotal $. . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $. . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
F.  Other documented items of damages (describe)
    $. . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    $. . . . . . . .
    **TOTAL $. . . . . . . .**

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
5/3/05

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

G.L. Chapter 93A, Sec. 9 class action where jurisdiction is solely in Superior Court.

**TOTAL $** 18,203.62

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rule
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dis
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/18/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

5.0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 05 -10647 - MLW |
| v. ) ) | |
| FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS, LOANS, INC. ) ) ) ) | **NOTICE OF REMOVAL TO ALL ADVERSE PARTIES** |
| Defendants. ) ) ) | |

TO:    Evans J. Carter, P.C.
       HARGRAVES, KARB, WILCOX
        & GALVANI, LLP
       550 Cochituate Road
       P.O. Box 966
       Framingham, MA  01701-0966


PLEASE TAKE NOTICE, that on April 1, 2005, defendants Full Spectrum Lending, Inc.

(n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and Countrywide

Home Loans, Inc. filed a Notice of Removal of this action to the United States District Court for

the District of Massachusetts.  A true and correct copy of the Notice of Removal is annexed

hereto.

This Notice is served upon you as counsel of record for plaintiff Berin Lockwood in compliance with 28 U.S.C. § 1446.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April 4, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on April 4 2005.

LIBA/1522234.1

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
5/3/05

2



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS LOANS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.

**05   10647 MLW**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), and 1453, and Pub. L. 109-2,

defendants Full Spectrum Inc. (n/k/a Full Spectrum Lending, a division of Countrywide Home

Loans, Inc. ("Full Spectrum")) and Countrywide Home Loans, Inc. ("Countrywide")

(collectively "Defendants") hereby remove the above-captioned action, now pending as Civil

Action No. 05-00310 in the Superior Court for Norfolk County, Massachusetts, to this Court.  As

grounds for removal, Defendants state as follows:

### Background

1.      Plaintiff Berin Lockwood ("Plaintiff") filed this putative nationwide class action

lawsuit on or about February 24, 2005, in the Superior Court for Norfolk County, Massachusetts

(the "State Court Action").  The State Court Action was assigned Civil Action No. 05-00310.

2.      In the State Court Action, Plaintiff alleges, on behalf of himself and a putative

nationwide class consisting of all borrowers whose mortgage loans are or have been "owned or

serviced" by Defendants, that Defendants violated (a) numerous federal laws, including 12

U.S.C. §§ 2601-17 and 15 U.S.C. § 1601 *et seq.*, and related federal regulations, (b) numerous

state·laws, including G.L. c. 93A, § 9, and G.L. c. 140D, and (c) common law principles in how

Defendants originated and serviced home mortgage loans. See generally Complaint (February

24, 2005) ("Complaint") (a true and correct copy of which is included as part of Exhibit A

hereto). Based upon these purported violations, Plaintiff "seeks rescission [of all putative class

members' loans], restitution, multiple damages, ... attorney's fees[, and] ... injunctive relief," as

well as statutory and compensatory damages, disgorgement and other relief for himself and for

each putative class member. Complaint, ¶ 1, Prayers for Relief ¶¶ 1-4. Plaintiff alleges that

"there are probably 5,000 Class Members in Massachusetts alone [and] many more Class

Members throughout the United States." Complaint, ¶ 30.

### Removability and Jurisdiction

3.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.

§ 1331 (federal question jurisdiction), the "Class Action Fairness Act of 2005," Pub. L. 109-2,

codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453 (the "Act"), and 28 U.S.C. § 1332(a)

(diversity jurisdiction).

### Federal Question Jurisdiction

4.      This Court has jurisdiction over Plaintiff's putative class action because it arises

under the laws of the United States.

5.      This case arises from the origination and the servicing of Plaintiff's mortgage

loan. The Complaint alleges that Defendants engaged in improper mortgage loan origination

practices, including but not limited to, the failure to provide Plaintiff with a "good faith estimate"

of loan settlement charges and a loan commitment letter, and the charging of improper and/or

excessive loan fees. Complaint, ¶¶ 7-11. Plaintiff also alleges that Defendants failed respond to

"qualified written requests" when servicing a loan. Complaint, ¶ 34(f).

2

6.    Plaintiff states that he "seeks rescission and restitution ... and injunctive relief as the defendants violated" the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the federal regulations under RESPA, 24 C.F.R. Part 3500, the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and the federal regulations under TILA, 12 C.F.R. Part 26. Complaint, ¶¶ 1, 34(b).

7.    Plaintiff identifies as a legal question as to which he intends to pursue relief "[w]hether Lender fails to timely provide, after a qualified written report has been made of it, written responses that address each of the issues raised in said request." Complaint, ¶ 34(f). In so doing, Plaintiff plainly is invoking the federal law requirement that loan servicers respond timely and appropriately to so-called "qualified written requests," and can be sued in state or federal court in a class action for having failed to do so. 12 U.S.C. § 2605(f)(2); 24 C.F.R. Part 3500 *et seq.*

8.    This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Plaintiff's Complaint arises under the laws of the United States because RESPA and TILA (and their governing regulations) are laws of the United States and Plaintiff seeks recovery under those laws.

9.    The Court has supplemental jurisdiction over Plaintiff's claims under G.L. c. 93A and 140D as well as Plaintiff's common law claims because they are so related to the federal claims that they form part of the same cause or controversy. 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of state law and Plaintiff's state law claims do not substantially predominate over his federal claims. See 28 U.S.C. § 1367(c).

## "Class Action Fairness Act" Jurisdiction

10.    This Court has original jurisdiction over Plaintiff's putative class action under the "Class Action Fairness Act," codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

11.    Pursuant to the Act, a putative "class action" commenced after February 18, 2005 — i.e., the effective date of the Act —may be removed to the appropriate United States District Court if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(A).

12.    This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(d) because all of the requirements for such jurisdiction are met.

13.    First, the Act is applicable to the State Court Action because the Action was commenced after the effective date of the Act. 28 U.S.C. § 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," — i.e., February 18, 2005.).

14.    Second, the State Court Action is a "class action" within the meaning of the Act because it is a "civil action filed under" Mass. R. Civ. P. 23 (see Complaint, ¶ 29) — i.e., Massachusetts' analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

15.    Third, one or more members of the putative class are citizens of states different from Countrywide. Full Spectrum is now a division of Countrywide, having merged into Countrywide in 2004. Countrywide is a New York corporation with its principal place of business in Calabasas, California. As such, Countrywide is deemed to be a citizen of New York

4

and/or California for purposes of 28 U.S.C. § 1332. By contrast, according to the allegations in the Complaint, Plaintiff is a citizen of Massachusetts and the putative class is alleged to include "5,000 [other] Class Members" from Massachusetts and "many more" from throughout the United States. <u>Complaint</u>, ¶¶ 2, 30. Thus, based upon Plaintiff's own allegations, it is evident that Countrywide is a citizen of states different from at least one class member. The diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) and (d)(7) is thus met.

16.    <u>Fourth</u>, the amount in controversy at issue in the State Court Action satisfies the Act's requirement. Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members may be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." As set forth in the Complaint, Plaintiff seeks to recover damages for Defendants' alleged improper mortgage origination and servicing practices. <u>Complaint</u>, ¶ 16. He also purports to bring this action on behalf of "all persons and entities who have or had mortgage loans owned or serviced by [Defendants]," and alleges that there are at least 5,000 Class Members whose damages are similar to his. <u>Complaint</u>, ¶¶ 29-31. In 2004, Full Spectrum and Countrywide collectively closed approximately 1,383,378 loans, and Defendants collectively serviced approximately 6,261,578 loans. For at least the following reasons, singularly and/or in combination, the allegations in the Complaint demonstrate that the amount in controversy exceeds $5,000,000, exclusive of interest and costs:[1]

(a)    The Complaint alleges that Defendants charged Plaintiff excess loan fees and charges in the amount of $1,827.75. See <u>Complaint</u>, ¶¶ 11, 20, 31. It further alleges

---

[1]    Defendants deny all liability against them and deny that Plaintiff and/or the putative class are entitled to or will recover in any amount. Defendants do not concede or admit that, if liability is found, it will exceed $5,000,000. They instead provide the figures in this Notice to

5

that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on behalf of himself and the putative class, disgorgement of the excess fees and charges and requests "a full accounting of all revenues (and interest thereon) and costs incurred." Id., ¶ 22. Disgorgement of $1,827.75 in excess fees and charges for Plaintiff and the alleged 5,000 putative class members from Massachusetts alone would amount to a total disgorgement of $9,138,750 in fees. Based on the number of mortgage loans closed by both Defendants nationwide last year, disgorgement of $1,827.75 in excess fees and charges alleged by Plaintiff would amount to in excess of $50 million in disgorgement of fees and charges for putative class members who closed their mortgage loans with either Defendant in 2004.[2]

(b)      Even if a class member did not incur precisely $1,827.75 in fees, the $5,000,000 amount in controversy is still met based upon the allegations of improper fees. The charges alleged in the Complaint to be excessive or improper are common types of charges on mortgage loans originated by Defendants — for example, some appraisal fee and some tax service fee is charged on almost every loan — and the range of charges as alleged for those two fees is common (though Defendants deny charging duplicative or unnecessary fees). If, as alleged, then the class consists of at least 5,001 persons, the excess fees at issue would only need to average $1,000 for the amount in controversy to be met. Using actual figures for persons who closed a loan with either

---

demonstrate that the aggregate "amount in controversy," judged by the alleged (but unproven facts), meets the statutory threshold.

[2]      See Note 1, supra.

Defendant during the last year, the average excess fees per class member would need only be approximately $3.62 to satisfy the jurisdictional threshold. It is reasonably likely under the circumstances that the amount in controversy is met.[3]

(c)    The Complaint alleges that Defendants breached Plaintiff's mortgage loan agreement, and that he incurred $12,126.92 in damages, other than the loan fees, as a result of the alleged breaches. Complaint, ¶¶ 16-17. It further alleges that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on behalf of himself and the putative class, damages for breach of contract. Complaint, ¶ 18. Breach of contract damages for Plaintiff and the alleged 5,000 putative class members would amount to an award of in excess of $50 million if each class member sustained the same breach of contract damages as Plaintiff allegedly incurred. Based on the number of mortgage loans closed by both Defendants last year, the award for breach of contract damages for each class member who closed loans with either Defendant in 2004 and sustained $12,126.92 in damages would also likely amount to in excess of $50 million.[4]

(d)    Even if a class member did not incur precisely $12,126.92 in damages, the $5,000,000 amount in controversy is still met based upon the allegation of breach of contract damages. If, as alleged, the class consists of at least 5,001 persons, the breach of contract damages at issue would only need to average $1,000 for the amount in controversy to be met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average breach of contract damages per class member

---

[3]    See Note 1, supra.

7

would only need to be approximately $3.62 to satisfy the $5,000,000 jurisdictional requirement of the Act.[5]

(e)    The Complaint alleges that Defendants violated G.L. c. 93A, § 9 by willfully committing "unfair trade practices." Complaint, ¶¶ 23-24. Plaintiff claims that he has incurred $17,003 in damages and $9,000 in attorney's fees and costs as a result of Defendants' alleged violation. Complaint, ¶¶ 11, 16. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. In addition to the $9,000 attorney's fees and costs he has incurred to date, Plaintiff seeks, on behalf of himself and the putative class, treble damages. Complaint, Prayers for Relief ¶ 3. As a result, Plaintiff's individual claim is for $51,009, plus $9,000 in attorneys' fees. An award of $51,000 under G.L. c. 93A, § 9 for Plaintiff and each of the alleged 5,000 putative class members would amount to more than $50 million; additional attorney's fees and costs would potentially be awardable. If the amount of attorneys fees and costs is, as alleged, $9,000 per person, that sum would be approximately $45 million. Based on the number of mortgage loans closed by both Defendants in Massachusetts last year (approximately 34,667), an award of relief as alleged by Plaintiff to all Massachusetts borrowers would likely amount to in excess of $50 million. Even if a class member did not incur precisely the same alleged loss, the $5,000,000 amount in controversy is still met. If, as alleged, the class consists of at least 5,001 persons, the Chapter 93A damages at issue would only need to average $1,000 (or, $333.33 in actual damages, trebled) for the amount in

---

[4]    See Note 1, supra.

8

controversy to be met. Using actual figures for persons who closed a loan with either

Defendant in Massachusetts during the last year, each class member need only allege

approximately $144.23 in actual damages (or, approximately, $48.08 in actual damages,

trebled) to satisfy the jurisdictional requirement.[6]

(f)    Plaintiff further alleges that Defendants engage in "bait and switch"

transactions, where they allegedly increase the agreed-upon loan interest rate on the eve

of loan closing, when Plaintiff and the putative class members have "no choice but to

close." Complaint, ¶¶ 8-10, 17-19, 23, 31, 34. In so doing, Plaintiff asserts, Defendants

are able to collect additional loan interest, which Plaintiff seeks to recover in this lawsuit.

Id. Though the Complaint is not specific in the amount of such alleged damages,

Plaintiff alleges that this interest rate was increased by at least 1.125%, which would

result in increased interest payments, over time, of more than $5,000 per year and

probably resulted for him personally in a loss of about $1,250 (as he refinanced in three

months). Complaint, ¶¶ 9, 13. The Complaint asserts that Plaintiff's claims are typical

and representative of each class member, and each member "sustained damages as a

result of the wrongful conduct for which [Defendants] are responsible, as described in

this complaint." Complaint, ¶ 31. An award of $5,000 to the 5001 alleged members of

the putative class would exceed $25 million; an award of $1,250 to the 5001 alleged

members would exceed $6.25 million. Even if an alleged class member did not incur

precisely the same amount of loss as alleged by Plaintiff, the $5,000,000 amount in

controversy is still met. If, as alleged, the class consists of at least 5001 persons,

damages in increased interest charges would only need to average $1,000 for the amount

---

[5]    See Note 1, supra.

9

in controversy to be met; it is reasonable to conclude that the class members' average alleged damages easily exceeds that amount, insofar as, for example, a 1% increase in loan interest on a $100,000 mortgage loan exceeds $1,000 in one (1) year.[7]

(g)    The Complaint seeks rescission of Plaintiff's mortgage loan that he took out on or about August 27, 2004. <u>Complaint</u>, ¶¶ 1, 8. At origination, the amount of Plaintiff's loan was $450,000. <u>Complaint</u>, ¶¶ 6,14. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." <u>Complaint</u>, ¶ 31. The Complaint further alleges that Plaintiff seeks, on behalf of himself and the putative class, rescission of their mortgage loans. Rescission of Plaintiff's and the alleged 5,000 putative class members' mortgage loans would put in excess of $50 million in loans in controversy if each class member sought rescission of a loan the same value ($450,000) as Plaintiff's mortgage loan. Based on the number of mortgage loans closed by Defendants last year, rescission of the mortgage loans of each class member who closed loans valued at $450,000 with either Defendant in 2004 would also likely put the amount in controversy in excess of $50 million.[8]

(h)    Even if a class member did not take out a mortgage loan valued precisely at $450,000, the $5,000,000 amount in controversy is still met based upon the allegation of rescission. If, as alleged, the class consists of 5,001 persons, the class member's mortgage loan would only need to average $1,000 for the amount in controversy to be

---

[6]    <u>See</u> Note 1, <u>supra</u>.

[7]    <u>See</u> Note 1, <u>supra</u>.

[8]    <u>See</u> Note 1, <u>supra</u>.

met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average amount of a loan would only need to be approximately $144.23 to satisfy the $5,000,000 jurisdictional requirement of the Act.[9]

(i)    As noted above, the Complaint asserts that the putative class consists of at least 5,001 members. Complaint, ¶ 30. Plaintiff claims that the putative class members incurred "substantial money damages" as a result of Defendants' alleged improper mortgage originating and servicing practices. Based on the allegations in the Complaint, each class member need only have $1,000 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[10]

(j)    Finally, as noted above, the Complaint includes vague and generalized allegations concerning purported improper loan servicing by Defendants. For example, Plaintiff alleges that this lawsuit concerns Defendants' purported (a) improper charging and collection of "service" charges and fees, and (b) failure to respond timely to alleged "qualified written request[s]" seeking loan information. See, e.g., Complaint, ¶ 34. Based upon these (and other similar) allegations, Plaintiff seeks to represent a class consisting on all "persons and entities who have or had mortgage loans owned or serviced" by Defendants over an unspecified period of time. Complaint, ¶ 29. In 2004 alone, Defendants serviced over 6 million loans. Given this, and based upon the allegations in the Complaint, each class member need only have less than $1.00 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[11]

---

[9]  See Note 1, supra.

[10]  See Note 1, supra.

[11]  See Note 1, supra.

11

10.    In light of Plaintiff's allegations that the putative class members, of which there are alleged to be at least 5,001, incurred "substantial money damages," including "actual and statutory damages," "treble damages," and "restitution based on unjust enrichment and disgorgement of funds unjustly obtained" as a result of Defendants' alleged improper mortgage origination and servicing practices, and based on the entirety of the Complaint as pled, it is reasonably likely that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.[12]

### Diversity Jurisdiction (pre-CAFA standards)

### Diversity of Citizenship

17.    Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states.

18.    Plaintiff is a citizen of Massachusetts, and has been since he filed the State Court Action. Plaintiff resides at 14 Everett Street, Norfolk, MA, and intends to stay at that residence. Complaint, ¶¶ 2 (alleging Plaintiff's residence), 30 (detailing Plaintiff's desire to represent Massachusetts residents, among other class members). Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992).

19.    Full Spectrum is now a division of Countrywide, and Countrywide is a citizen of New York and California. Thus, Defendants are citizens of New York and California for purposes of determining diversity jurisdiction. See 28 U.S.C. § 1332(c)(1) (defining corporate citizenship).

20.    Neither Full Spectrum nor Countrywide is a citizen of Massachusetts, where the State Court Action was brought. See 28 U.S.C. § 1441(b).

---

[12]    Defendants reserve their right to state additional reasons why the jurisdictional threshold is met, and to offer additional evidence in support of such reasons and this Notice.

## Amount in Controversy

21.    The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.

22.    Whether the amount in controversy is met for the purposes of diversity jurisdiction depends on the claims of the named-plaintiff.  Coventry Sewage Assocs. v. Dworkin Realty, Co., 71 F.3d 1, 6 (1st Cir. 1995).  The allegations in the Complaint make it clear that Plaintiff's claims exceed $75,000.

(a)    Rescission.    Plaintiff seeks rescission of his mortgage loan.  Complaint, ¶ 1.  Plaintiff alleges that the loan was taken out on or about August 27, 2004.  Id., ¶ 8. At origination, the amount of the loan was $450,000.  Id., ¶ 6, 14.  The amount of the loan at issue is considered part of the amount in controversy when rescission is requested. See, e.g., Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) ("[W]here a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy.") (citing Fifth, Seventh, and Ninth Circuit cases); Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999)

(b)    Disgorgement.    Plaintiff claims that Defendants "engaged in unfair mortgage practices" by collecting "monies that were not due and owing under applicable contract law because the contract or applicable law does not permit [Defendants] to collect such unreasonable fees and charges."  Complaint, ¶¶ 19-20.  According to the Complaint, Plaintiff seeks, on behalf of himself and "other class members," disgorgement of "all the profits earned from the said funds" and "a full accounting of all revenues (and interest thereon) and costs incurred."  Id., ¶ 21-22.  The alleged disgorgement of the fees, if proven, would likely exceed $75,000, and for purposes of removal are attributable to

13

the named plaintiff. In re Microsoft Corp. Antitrust Litig., 127 F. Supp. 2d 720-21 (D. Md. 2001) (attributing amount of demanded disgorgement to representative plaintiff because that party may "recover the entire unjust benefit obtained by the defendant" in addition to his individual damages).

(c)    Equitable Relief.    Plaintiff also seeks "injunctive relief" as a result of Defendants' alleged violations of various federal and state statutes. Complaint, ¶ 1. For purposes of ascertaining the amount in controversy, the value of Plaintiff's claims for equitable relief may be measured by Defendants' costs of compliance. In re Microsoft Corp., 127 F. Supp. 2d at 718-19. The value of Plaintiff's demand for injunctive relief would, if supported, exceed $75,000 because it would require not only changes in Defendants' procedures but also internal expenses and costs, and losses, the collective value of which would exceed that amount.

(d)    Damages.    Plaintiff claims that he has incurred $17,003.62 in damages and costs as a result of Defendants' alleged improper mortgage origination and servicing practices. Complaint, ¶ 16. He also seeks statutory damages under Chapter 93A in an amount equal to three times that amount (id., Prayers for Relief ¶ 3), and statutory damages under TILA of no more than $1,000 but not less than $100. Complaint, ¶ 1, Prayers for Relief ¶ 2.

(e)    Attorneys' Fees.    Plaintiff seeks to recover attorneys' fees awardable under Mass. G.L. c. 93A, § 9. Complaint, ¶¶ 1, 28. See G.L. c. 93A, § 9(3)(A) (entitling injured party to award of attorneys' fees). The potential award of attorneys' fees under G.L. c. 93A is included in the amount in controversy for diversity jurisdiction. Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (recognizing that attorneys' fees

14

awarded under G.L. c. 93A, §4 may be included in the amount in controversy determination). Plaintiff claims that amount is $9,000. Complaint, ¶ 16.

### Supplemental Jurisdiction

23.    The individual claims of the absent members of the putative class exceed $75,000, exclusive of interest and costs. The Complaint alleges that all damages and other awards sought for the named Plaintiff are also being sought on behalf of the putative class. Complaint, ¶¶ 1, 17-18, 22, 28, Prayers for Relief ¶¶ 1-4. Because the amounts requested by the named Plaintiff's claims satisfy the jurisdictional threshold, so too do the claims of the absent class members.

24.    Alternatively, if the jurisdictional amount is not satisfied as to the absent putative class members, removal of this putative class action is proper because this Court may exercise supplemental jurisdiction over absent class members under 28 U.S.C. § 1367. See, e.g., Payne v. Good year Tire & Rubber Co., 229 F. Supp. 2d 43, 52 (D. Mass. 2002); Rosmer v. Pfizer, Inc., 263 F.3d 110 (4th Cir. 2001); Gibson v. Chrysler Corp., 261 F.3d 927 (9th Cir. 2001); Stromberg Metal Works Inc. v. Press Mech., Inc., 77 F.3d 928 (7th Cir. 1996); In re Abbott Labs., 51 F.3d 524 (5th Cir. 1995).

25.    Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and/or 28 U.S.C. § 1367.

### **Compliance with the Removal Statute and Local Rules**

26.    As set forth in 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." Accordingly, the State Court

15

Action may be removed without regard to whether any defendant is a citizen of Massachusetts (which they are not), and it may be removed without the consent of all defendants.

27.     Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings, and orders served upon defendant Full Spectrum, namely the Summons and Complaint. <u>See</u> 28 U.S.C. § 1446(a).

28.     Attached hereto as <u>Exhibit B</u> is a copy of all process, pleadings and orders served upon defendant Countrywide in the State Court Action, namely the Summons and Complaint. <u>See</u> 28 U.S.C. § 1446(a).

29.     Full Spectrum received by service the Summons and Complaint on March 2, 2005, and Countrywide received by service the Summons and Complaint on March 2, 2005. Receipt of the summons and complaint by each defendant was the first notice of the State Court Action or federal jurisdiction received by each defendant. Defendants file this Notice of Removal with the United States District Court for the District of Massachusetts on April 1, 2005, within 30 days after receipt by Defendants of the State Court Action Summons and Complaint. <u>See</u> 28 U.S.C. § 1446(b).

30.     Attached hereto as <u>Exhibit C</u> is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiffs' counsel and filed with the Clerk of the Superior Court for Norfolk County, Massachusetts. <u>See</u> 28 U.S.C. § 1446(d).

31.     Defendants will also file with the Clerk of the Superior Court for Norfolk County, Massachusetts a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit D</u>.

32.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  <u>See</u> 28 U.S.C. § 1446(a).

WHEREFORE, this action should proceed in the United States District Court for the

District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served upon
(each party appearing pro se and) the
attorney of record for each other party
by mail (by hand) on April 1, 2005.

17

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.    05   00310

BERTE LOCKWOOD, Individually and
on behalf of Class Members ................, *Plaintiff(s)*

v.

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC. ................, *Defendant(s)*

## SUMMONS

To the above-named Defendant:  FULL SPECTRUM LENDING, INC.

You are hereby summoned and required to serve upon  Evans J. Carter, Esq.
                                                      01701-0966
plaintiff's attorney, whose address is P.O. Box 966, Framingham, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham, MA the  24th

day of  February  in the year of our Lord two thousand and  five

.................................................... Clerk

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-63

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- _3 / 0 C_____

---

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

Defendants

---

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

## I. Introduction and Overview of Action

1.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2.  The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3.  The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4.  The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

P:\CARTER\LOCKWOOD\complint.wpd

5.    The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.    Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.    No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.    At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.    The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10.    The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11.    In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

    a.    $535 Processing fee to Full Spectrum Lending (line 810);

    b.    $838.75 for owners' title insurance that was not requested (line 1110);

    c.    The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

    d.    Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12.    Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13.    As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14. On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15. On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16. By the above-stated actions, the plaintiff has incurred damages and costs as follows:

    1.    Needless costs, fees and expenses to:

        i)    The Lender . . . . . . . . . . . . . . . . . . . . . . . . . . $  4,876.70

        ii)    Mortgage payments made . . . . . . . . . . . . . . . 12,126.92

        iii)    Attorney's fees and costs (to date) . . . . . . . .   9,000.00

                **Total**        **$16,003.62**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17. By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18. The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19. The Lender has engaged in unfair mortgage practices.

20. The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21. This claim is for disgorgement of the unjust enrichment to the Lender.

22. The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23. By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24. The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25. The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26. On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27. On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

F:\CARTER\LOCKWOOD\complaint.wpd

28.    As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.    The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.    Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.    The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.    The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.    A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

b.    Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.    Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.    Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.    Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.    Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.    The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.    The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.    Declare this action to be a Class Action.

2.    Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.    Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.    Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.   Award to plaintiff and to all Class Members such other and further relief as this court may
     deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

BERIN LOCKWOOD, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated:  February 18, 2005

## A Settlement Statement

**U.S. Department of Housing And Urban Development**

HUD-1 (3/86) OMB No. 2502-0265

**B. Type of Loan**

| ☐ FHA | 2. ☐ FmHA | 3. ☑ CONV. UNINS. | 6. File Number: | 7. Loan Number: | 8. Mortgage Ins. Case No.: |
|---|---|---|---|---|---|
| ☐ VA | 5. ☐ CONV. INS. | | | 68114669 | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers | Berin Lockwood<br>125 Pugsley Avenue<br>Apt. 516<br>Richmond Hill                Ont. | F. Name and Address of Lender:<br>Full Spectrum Lending<br>500 Edgewater Park, Suite 568<br>Wakefield, MA 01880 |
|---|---|---|
| E. Name and Address of Sellers | James W. Sewell        Carolyn A. Sewell<br>14 Everett Street<br>Norfolk        MA    02056 | H. Settlement Agent<br>Gary F. Kinsella<br>22 Sumner Street<br>Boston, MA  02125 |

| G. Property Location:<br>14 Everett Street<br><br>Norfolk        MA    02056 | I. Settlement Date:<br>08/27/2004 | Place of Settlement:<br>Gary F. Kinsella  Atty. at Law<br>22 Sumner Street Dorchester, MA 02125 |
|---|---|---|

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes    to | | 407. County taxes    to | |
| 108. Assessments    to | | 408. Assessments    to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | **$535,718.21** | **420. Gross Amount Due To Seller** | **$530,541.51** |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes    to | | 510. City/town taxes    to | |
| 211. County taxes    to | | 511. County taxes    to | |
| 212. Assessments    to | | 512. Assessments    to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | **$502,000.00** | **520. Total Reductions Amount Due Seller** | **$164,581.45** |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| 303. CASH ☑ FROM ☐ TO BORROWER: | $33,718.21 | 603. CASH ☑ TO ☐ FROM SELLER: | $365,960.06 |

Buyer's Initials _BL_        Seller's Initials _Jsl_ _CO.S._

**EXHIBIT**

_A_

1930

Settlement Statement Page 2

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $530,000.00 @ 5.0000 % = 26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. 15,900.00 to Re/Max Landmark | | | |
| 702. 10,600.00 to Re/Max Executive | | | 26,500.00 |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable in Connection With Loan | | | |
| 801. Loan Origination Fee % | | | |
| 802. Loan Discount % | | 75.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | 35.00 | |
| 804. Credit Report to LandSafe | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 /day | | 439.20 | |
| 902. Mortgage Insurance Premium for mo. to | | | |
| 903. Hazard Insurance Premium for yrs. to | | | |
| 904. yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ 484.44 per month | | | |
| 1004. months @ per month | | | |
| 1005. months @ per month | | | |
| 1006. months @ per month | | | |
| 1007. months @ per month | | | |
| 1008. Aggregate Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to Gary F. Kinsella, Esquire | | 695.00 | |
| 1102. Abstract or title search to Quirk Associates | | 150.00 | |
| 1103. Title examination to Gary F. Kinsella, Esq. | | 75.00 | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to | ) | | |
| (Includes above Item Number: | | 2,140.50 | |
| 1108. Title Insurance to First American Title Insurance Company | ) | | |
| (Includes above Item Number: | | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | 50.00 | |
| 1111. Rundown and Record to Quirk Associates | | | |
| 1112. | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | |
| 1200. Government Recording and Transfer Charges | | 302.00 | 152.00 |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | |
| 1202. City/county tax stamps: Deed ; Mortgage | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | 91.00 | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | |
| 1300. Additional Settlement Charges | | 150.00 | |
| 1301. Survey to Northstar Co. | | | |
| 1302. Pest Inspection to | | 35.00 | 25.00 |
| 1303. Overnight Delivery Fees to FedEx | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | $4,876.70 | $29,343.60 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers                                                                        Sellers

_Erin Lockwood_                                    _James W. Sewell_    _Carolyn A. Sewell_
Erin Lockwood                                      James W. Sewell      Carolyn F. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____                           Date   08/27/2004
                   Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**
Department
porate Drive
X 75024-4100
-6607
72-526-1115

3161

# PAYOFF DEMAND STATEMENT
Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
Chi Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:
Berin Lockwood
14 Everett Street
Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **461,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7018 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

**UPDATED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES**
**BEFORE NOVEMBER 30, 2004.**

funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or
**IED FUNDS ONLY.** They MUST reference the Countrywide loan number, property address and
er's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check
st be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or
urn of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following
s day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
eficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX346
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT
B

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

**Account No.: 68114669-2**
**Customer Name: Berin Lockwood**

The payoff amount is subject to change for various reasons, including but not limited to the following:
- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

You have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is processed may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

**This communication is from a debt collector**

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone  (508) 620-0140
Telefax    (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

> Re:  Berin Lockwood (Borrower/Consumer)
> 14 Everett Street, Norfolk, MA 02056 (Home/Residence)
> 8/27/04 Mortgage Loan of $450,000
> <u>DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.  Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.  Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.  Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.  M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).

**EXHIBIT**

C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page·No. 2
December 17, 2004

To-wit:

1. No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2. Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3. The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4. Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5. The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

    a. $535 processing fee to Full Spectrum Lending (line 810);

    b. $838.75 for owners to be insured that was not requested (line 1110); and

    c. The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6. The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7. No mortgage loan commitment letter was ever provided to the consumer/borrower.

8. No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9. No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/ borrower at the closing.

10. It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

| | | |
|---|---|---|
| a. | All closing costs, fees and expenses | $  5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
| | **TOTAL** | **$18,203.62** |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain.

Very truly yours,

EVANS J. CARTER

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
         14 Everett Street, Norfolk, MA 02056 (Home/Residence)
         8/27/04 Mortgage Loan of $450,000
         <u>AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.    A request for an itemized accounting of the above-stated loan is hereby demanded.

2.    Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

**EXHIBIT**

_D_

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056

| ck no: | 1178114 | | Treasury id: | 27627349 | | Page: | 1 |
| e: | 12/13/2004 | | Comp. No: | 681 | | | CFC0PDA |
| ck amount: | 87.78 | | Agency No: | 14669 | | | =ESR |
| | | | Escrow type: | 10 | | | |
| | | | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | | |

ck payee:  BERIN LOCKWOOD

| an no | Amount | Mortgagor | Reference |
|---|---|---|---|
| 114669 | 87.78 | BERIN LOCKWOOD | |

TAL:        87.78                                    *NUMBER OF ACCOUNTS:        1



⑈000117811⑈ ⑆031100209⑆        38687899⑈

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

   This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

   This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

   I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

EXHIBIT
_E_

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
## Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone  (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec



EXHIBIT
F

Countrywide Home Loans Servicing LP

3,161

## PAYOFF DEMAND STATEMENT
### Statement Date: November 17, 2004
### Statement Void After: November 30, 2004

(B&C C.ARMS)

Mailed to:

Chl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everett Street
Norfolk, MA  02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily interest = Principal Balance x Interest Rate ÷.365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.  They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

S316.CF 1020 4WY200A

Countrywide Home Loans Servicing LP                    Account No.: 68114669-2
Payoff Demand Statement Page 2                     Customer Name: Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:

If you have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
If your payment has been returned to us by your financial institution for any reason.
If scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
Potential collection charges that may be applied if your account is past due.
Late charges for delinquent payments received after: 12/16/2004.

IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (with a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05    00310

BERIN LOCKWOOD, Individually and on
behalf of Class Members ........................., *Plaintiff(s)*

v.

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC. ..................., *Defendant(s)*

### SUMMONS

To the above-named Defendant:    COUNTRYWIDE HOME LOANS, INC.

You are hereby summoned and required to serve upon ......Evans J. Carter, Esq.,
P.O. Box 966
plaintiff's attorney, whose address is Framingham, MA 01701-0966........, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

WITNESS, ~~BARBARA J. ROUSE, Esquire~~ SUZANNE V. DELVECCHIO, *Esquire*, at ..Dedham,..MA....the ...24th...............

day of ...February.................., in the year of our Lord two thousand and ..five............................

Clerk

A true copy Attest:

Deputy Sheriff Suffolk County

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-88

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- **3 / 0 C**

---

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

Defendants

---

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

## I. Introduction and Overview of Action

1. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2. The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3. The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4. The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

5.   The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.   Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.   No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.   At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.   The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10.  The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11.  In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

  a.   $535 Processing fee to Full Spectrum Lending (line 810);

  b.   $838.75 for owners' title insurance that was not requested (line 1110);

  c.   The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

  d.   Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

  A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12.  Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13.  As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14.    On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15.    On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16.    By the above-stated actions, the plaintiff has incurred damages and costs as follows:

    1.    Needless costs, fees and expenses to:

        i)    The Lender . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4,876.70

        ii)    Mortgage payments made  . . . . . . . . . . . . . . . 12,126.92

        iii)    Attorney's fees and costs (to date) . . . . . . . .  <u>9,000.00</u>

                   **Total**    **<u>$16,003.62</u>**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17.    By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18.    The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19. The Lender has engaged in unfair mortgage practices.

20. The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21. This claim is for disgorgement of the unjust enrichment to the Lender.

22. The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23. By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24. The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25. The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26. On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27. On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

F:\CARTER\LOCKWOOD\complaint.wpd

28.  As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.  The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.  Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.  The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.  The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.  A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.  Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.  Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

b.  Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.  Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.  Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.  Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.  Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.  The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.  Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits.  Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.  In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.  The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.  Declare this action to be a Class Action.

2.  Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.  Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.  Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.    Award to plaintiff and to all Class Members such other and further relief as this court may
deem meet, just and proper.

### THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

BERIN LOCKWOOD, Plaintiff
By his Attorney


Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated:  February 18, 2005

# Settlement Statement

**U.S. Department of Housing And Urban Development**

HUD-1 (3/86) OMB No. 2502-0265

**B. Type of Loan**

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1. FHA | ☐ 2. FmHA | ☑ 3. CONV. UNINS. | 6. File Number: | 7. Loan Number: 68114669 | 8. Mortgage Ins. Case No.: |
| ☐ 4. VA | ☐ 5. CONV. INS. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. Name and Address of Borrowers:** Berin Lockwood
125 Pugsley Avenue
Apt. 516
Richmond Hill          Ont.

**F. Name and Address of Lender:** Full Spectrum Lending
500 Edgewater Park, Suite 568
Wakefield, MA 01880

**E. Name and Address of Sellers:** James W. Sewell      Carolyn A. Sewell
14 Everett Street
Norfolk          MA    02056

**H. Settlement Agent** Gary F. Kinsella
22 Summer Street
Boston, MA  02125

**G. Property Location:** 14 Everett Street
Norfolk          MA    02056

**I. Settlement Date:** 08/27/2004

**Place of Settlement:** Gary F. Kinsella  Atty. at Law
22 Summer Street Dorchester, MA 02125

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisal | 300.00 | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $535,718.21 | **420. Gross Amount Due To Seller** | $530,541.51 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $502,000.00 | **520. Total Reductions Amount Due Seller** | $164,581.45 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.45) |
| **303. CASH** ☑ FROM ☐ TO **BORROWER:** | $33,718.21 | **603. CASH** ☑ TO ☐ FROM **SELLER:** | $365,960.06 |

Buyer's Initials _BL_          Seller's Initials _JwS_ _CAS_

**EXHIBIT**
**A**

Settlement Statement Page 2

| L. Settlement Charges | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | 530,000.00 @ | 5.0000 % | = 26,500.00 | | |
| Division of Commission (line 700) as follows: | | | | | |
| 701. 15,900.00 to Re/Max Landmark | | | | | |
| 702. 10,600.00 to Re/Max Executive | | | | | 26,500.00 |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| 800. Items Payable In Connection With Loan | | | | | |
| 801. Loan Origination Fee % | | | | | |
| 802. Loan Discount % | | | | 75.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | | | 35.00 | |
| 804. Credit Report to LandSafe | | | | | |
| 805. Lender's Inspection Fee | | | | | |
| 806. Mortgage Insurance Application Fee | | | | | |
| 807. Assumption Fee | | | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | | | |
| 811. | | | | | |
| 812. | | | | | |
| 813. | | | | | |
| 814. | | | | | |
| 815. | | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | 439.20 | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 / day | | | | | |
| 902. Mortgage Insurance Premium for mo. to | | | | | |
| 903. Hazard Insurance Premium for yrs. to | | | | | |
| 904. yrs. to | | | | | |
| 1000. Reserves Deposited With Lender | | | | | |
| 1001. Hazard Insurance months @ per month | | | | | |
| 1002. Mortgage Insurance months @ per month | | | | | |
| 1003. City property taxes months @ 484.44 per month | | | | | |
| 1004. months @ per month | | | | | |
| 1005. months @ per month | | | | | |
| 1006. months @ per month | | | | | |
| 1007. months @ per month | | | | | |
| 1008. Aggregate Adjustment | | | | | |
| 1100. Title Charges | | | | 695.00 | |
| 1101. Settlement or closing fee to Gary F. Kinsella, Esquire | | | | 150.00 | |
| 1102. Abstract or title search to Quirk Associates | | | | 75.00 | |
| 1103. Title examination to Gary F. Kinsella, Esq. | | | | | |
| 1104. Title insurance binder to | | | | | |
| 1105. Document preparation to | | | | | |
| 1106. Notary fees to | | | | | |
| 1107. Attorney's fees to | | | | | |
| (includes above item Numbers: ) | | | | 2,160.50 | |
| 1108. Title insurance to First American Title Insurance Company | | | | | |
| (includes above item Numbers: ) | | | | | |
| 1109. Lender's coverage 450,500.00 Loan Premium: $1,311.75 | | | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | | | | |
| 1111. Rundown and Record to Quirk Associates | | | | 50.00 | |
| 1112. | | | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | | | |
| 1200. Government Recording and Transfer Charges | | | | 302.00 | 152.00 |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | | | |
| 1202. City/county tax stamps: Deed | | | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | | 91.00 | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | | | |
| 1300. Additional Settlement Charges | | | | 150.00 | |
| 1301. Survey to Northstar Co. | | | | | 25.00 |
| 1302. Pest inspection to FedEx | | | | 35.00 | 125.00 |
| 1303. Overnight Delivery Fee to Gary F. Kinsella/ATS | | | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella, Esq. | | | | | |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | | $4,076.70 | $29,343.80 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers

_Berin Lockwood_
Berin Lockwood

Sellers

_James W. Sewell_          _Carolyn A. Sewell_
James W. Sewell            Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Date 08/27/2004

Settlement Agent    Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**
Department
porate Drive
TX 75024-4100
-6607
2-626-1115

3161

# PAYOFF DEMAND STATEMENT
Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
    CHl Automated Payoff
    Faxed Demand
    X
    X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:
    Berin Lockwood
    14 Everett Street
    Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest¹ | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

¹ Daily Interest Daily interest = Principal Balance x Interest Rate + 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES
BEFORE NOVEMBER 30, 2004.

funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or
IFIED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and
er's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check
st be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or
urn of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following
s day.

| | |
|---|---|
| **Wire funds to:** | **Mail funds to:** |
| Beneficiary Bank: Bank of America | Attention: Payoff Department, Mail Stop PTX348 |
| ABA Routing #: 121 000 358 | Countrywide Home Loans Servicing LP |
| Beneficiary Acct Name: MRC | 7105 Corporate Drive |
| Beneficiary Acct Number: 12356-19173 | Plano, TX 75024-4100 |
| Reference: Berin Lockwood | |
| Loan Number: 68114669-2 | |

call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT
B

**Countrywide Home Loans Servicing LP**
Payoff Demand Statement Page 2

**Account No.: 68114669-2**
Customer Name: Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:

- If you have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- If your payment has been returned to us by your financial institution for any reason.
- If scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (up to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is complete may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax   (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.    Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And
      Regulation X (12 C.F.R., part 226);

b.    Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.    Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and
      Regulation X (24 C.F.R. part 3500); and

d.    M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).

EXHIBIT

C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 2
December 17, 2004

To-wit:

1.  No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2.  Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3.  The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product.  The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4.  Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5.  The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

    a.   $535 processing fee to Full Spectrum Lending (line 810);

    b.   $838.75 for owners to be insured that was not requested (line 1110); and

    c.   The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6.  The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7.  No mortgage loan commitment letter was ever provided to the consumer/borrower.

8.  No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9.  No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/borrower at the closing.

10. It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

| | | |
|---|---|---|
| a. | All closing costs, fees and expenses | $ 5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
| | TOTAL | $18,203.62 |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax   (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.     A request for an itemized accounting of the above-stated loan is hereby demanded.

2.     Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

**EXHIBIT**

D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056

| ck no: | 1178114 | Treasury id: | 27627349 | | Page: | 1 |
|---|---|---|---|---|---|---|
| e: | 12/13/2004 | Comp. No: | 681 | | | CFC8P0A |
| ck amount: | 87.78 | Agency No: | 14669 | | | =ESR |
| | | Escrow type: | 10 | | | |
| | | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | | |

ck payee:    BERIN LOCKWOOD

| an no | Amount | Mortgagor | Reference |
|---|---|---|---|
| :114669 | 87.78 | BERIN LOCKWOOD | |

TAL:          87.78                                    *NUMBER OF ACCOUNTS:      1



⑆000 1178114⑆ ⑈031100209⑇    3868 7899⑆

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

    This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

    This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

    I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

EXHIBIT
E

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
**Attorneys at Law**

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

       Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide
Home Loans Servicing LP.

       Please send me:

1.    A copy of the amortization schedule that your company used to determine said
      payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement
      fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP
      and a schedule as to who the general and limited partners are.

       Awaiting your response, I remain

                                        Very truly yours,

                                        EVANS J. CARTER

EJC/aec


**EXHIBIT**
_F_

**Countrywide Home Loans Servicing LP**
~~~~ Department
~~~~orate Drive
~~~ X 75024-4100
~~~~9-6607
~~~72-626-1115

7,161

# PAYOFF DEMAND STATEMENT
### Statement Date: November 17, 2004
### Statement Void After: November 30, 2004

(B&C C-ARMS)

**Mailed to:**
Chl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

**Property Address:**
Berin Lockwood
14 Everett Street
Norfolk, MA 02056

**Payoff Loan No.: 68114669-2**
Caso #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$** | **451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

~~~~NDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES
~~~~RE NOVEMBER 30, 2004.

~~~~funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or
~~~~IED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and
~~~~er's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check
~~~~st be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or
~~~~rn of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following
~~~~s day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX345
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

~~~~ call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

### This communication is from a debt collector

### See page 2 for important information

536 GLCF 1020 4/17/2004

Countrywide Home Loans Servicing LP          **Account No.: 68114669-2**
Payoff Demand Statement Page 2               **Customer Name: Berin Lockwood**

Payoff amount is subject to change for various reasons, including but not limited to the following:
- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

If you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's free payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of the demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members,<br><br>      Plaintiff,<br><br>          v.<br><br>FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS, LOANS, INC.<br><br>      Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL TO ALL ADVERSE PARTIES** |

TO:    Evans J. Carter, P.C.
         HARGRAVES, KARB, WILCOX
          & GALVANI, LLP
         550 Cochituate Road
         P.O. Box 966
         Framingham, MA  01701-0966

      PLEASE TAKE NOTICE, that on April 1, 2005, defendants Full Spectrum Lending, Inc. (n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and Countrywide Home Loans, Inc. filed a Notice of Removal of this action to the United States District Court for the District of Massachusetts.  A true and correct copy of the Notice of Removal is annexed hereto.

This Notice is served upon you as counsel of record for plaintiff Berin Lockwood in

compliance with 28 U.S.C. § 1446.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April ___, 2005

LIBA/1522234.1

2

D

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT

BERIN LOCKWOOD, Individually and on
behalf of Class Members,

        Plaintiff,

    v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

        Defendants.

Civil Action No. 05-00310

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the District of Massachusetts on April 1, 2005. A copy of said

Notice of Removal is attached to this Notice, and is served and filed herewith.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), this

notice is hereby provided to the Trial Court of the Commonwealth of Massachusetts, Superior

Court Department for Norfolk County, to effect removal, and the Norfolk County Superior Court

shall proceed no further unless and until the case is remanded.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April __, 2005

LIBA/1522236.1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                SUPERIOR COURT DEPT.
                                            OF THE TRIAL COURT

BERIN LOCKWOOD, Individually and on
behalf of Class Members,

        Plaintiff,

    v.                                      Civil Action No. 05-00310

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

        Defendants.

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the District of Massachusetts on April 1, 2005. A copy of said

Notice of Removal is attached to this Notice, and is served and filed herewith.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), this

notice is hereby provided to the Trial Court of the Commonwealth of Massachusetts, Superior

Court Department for Norfolk County, to effect removal, and the Norfolk County Superior Court

shall proceed no further unless and until the case is remanded.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1000

Dated:  April 4, 2005

LIBA/1522236.1

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served upon
(each party appearing pro se and the
attorney of record for each other party
by mail (by hand) on April 4, 2005

-2-



COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS LOANS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.

## 05   10647 MLW

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), and 1453, and Pub. L. 109-2,

defendants Full Spectrum Inc. (n/k/a Full Spectrum Lending, a division of Countrywide Home

Loans, Inc. ("Full Spectrum")) and Countrywide Home Loans, Inc. ("Countrywide")

(collectively "Defendants") hereby remove the above-captioned action, now pending as Civil

Action No. 05-00310 in the Superior Court for Norfolk County, Massachusetts, to this Court.  As

grounds for removal, Defendants state as follows:

### Background

1.    Plaintiff Berin Lockwood ("Plaintiff") filed this putative nationwide class action

lawsuit on or about February 24, 2005, in the Superior Court for Norfolk County, Massachusetts

(the "State Court Action").  The State Court Action was assigned Civil Action No. 05-00310.

2.    In the State Court Action, Plaintiff alleges, on behalf of himself and a putative

nationwide class consisting of all borrowers whose mortgage loans are or have been "owned or

serviced" by Defendants, that Defendants violated (a) numerous federal laws, including 12

U.S.C. §§ 2601-17 and 15 U.S.C. § 1601 *et seq.*, and related federal regulations, (b) numerous

state laws, including G.L. c. 93A, § 9, and G.L. c. 140D, and (c) common law principles in how Defendants originated and serviced home mortgage loans. See generally Complaint (February 24, 2005) ("Complaint") (a true and correct copy of which is included as part of Exhibit A hereto). Based upon these purported violations, Plaintiff "seeks rescission [of all putative class members' loans], restitution, multiple damages, ... attorney's fees[, and] ... injunctive relief," as well as statutory and compensatory damages, disgorgement and other relief for himself and for each putative class member. Complaint, ¶ 1, Prayers for Relief ¶¶ 1-4. Plaintiff alleges that "there are probably 5,000 Class Members in Massachusetts alone [and] many more Class Members throughout the United States." Complaint, ¶ 30.

### Removability and Jurisdiction

3.     This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), the "Class Action Fairness Act of 2005," Pub. L. 109-2, codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453 (the "Act"), and 28 U.S.C. § 1332(a) (diversity jurisdiction).

### Federal Question Jurisdiction

4.     This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States.

5.     This case arises from the origination and the servicing of Plaintiff's mortgage loan. The Complaint alleges that Defendants engaged in improper mortgage loan origination practices, including but not limited to, the failure to provide Plaintiff with a "good faith estimate" of loan settlement charges and a loan commitment letter, and the charging of improper and/or excessive loan fees. Complaint, ¶¶ 7-11. Plaintiff also alleges that Defendants failed respond to "qualified written requests" when servicing a loan. Complaint, ¶ 34(f).

2

6.    Plaintiff states that he "seeks rescission and restitution ... and injunctive relief as the defendants violated" the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the federal regulations under RESPA, 24 C.F.R. Part 3500, the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and the federal regulations under TILA, 12 C.F.R. Part 26. Complaint, ¶¶ 1, 34(b).

7.    Plaintiff identifies as a legal question as to which he intends to pursue relief "[w]hether Lender fails to timely provide, after a qualified written report has been made of it, written responses that address each of the issues raised in said request." Complaint, ¶ 34(f). In so doing, Plaintiff plainly is invoking the federal law requirement that loan servicers respond timely and appropriately to so-called "qualified written requests," and can be sued in state or federal court in a class action for having failed to do so. 12 U.S.C. § 2605(f)(2); 24 C.F.R. Part 3500 *et seq.*

8.    This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Plaintiff's Complaint arises under the laws of the United States because RESPA and TILA (and their governing regulations) are laws of the United States and Plaintiff seeks recovery under those laws.

9.    The Court has supplemental jurisdiction over Plaintiff's claims under G.L. c. 93A and 140D as well as Plaintiff's common law claims because they are so related to the federal claims that they form part of the same cause or controversy. 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of state law and Plaintiff's state law claims do not substantially predominate over his federal claims. See 28 U.S.C. § 1367(c).

3

**"Class Action Fairness Act" Jurisdiction**

10.    This Court has original jurisdiction over Plaintiff's putative class action under the

"Class Action Fairness Act," codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

11.    Pursuant to the Act, a putative "class action" commenced after February 18, 2005

— i.e., the effective date of the Act —may be removed to the appropriate United States District

Court if (a) any member of the putative class is a citizen of a state different from any defendant,

and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs. 28 U.S.C. § 1332(d)(A).

12.    This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(d)

because all of the requirements for such jurisdiction are met.

13.    First, the Act is applicable to the State Court Action because the Action was

commenced after the effective date of the Act. 28 U.S.C. § 1453 ("The amendments made by

this Act shall apply to any civil action commenced on or after the date of enactment of this Act,"

— i.e., February 18, 2005.).

14.    Second, the State Court Action is a "class action" within the meaning of the Act

because it is a "civil action filed under" Mass. R. Civ. P. 23 (see Complaint, ¶ 29) — i.e.,

Massachusetts' analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an

action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§

1332(d)(1)(B), 1453(a).

15.    Third, one or more members of the putative class are citizens of states different

from Countrywide.  Full Spectrum is now a division of Countrywide, having merged into

Countrywide in 2004.  Countrywide is a New York corporation with its principal place of

business in Calabasas, California.  As such, Countrywide is deemed to be a citizen of New York

and/or California for purposes of 28 U.S.C. § 1332. By contrast, according to the allegations in the Complaint, Plaintiff is a citizen of Massachusetts and the putative class is alleged to include "5,000 [other] Class Members" from Massachusetts and "many more" from throughout the United States. Complaint, ¶¶ 2, 30. Thus, based upon Plaintiff's own allegations, it is evident that Countrywide is a citizen of states different from at least one class member. The diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) and (d)(7) is thus met.

16.    Fourth, the amount in controversy at issue in the State Court Action satisfies the Act's requirement. Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members may be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." As set forth in the Complaint, Plaintiff seeks to recover damages for Defendants' alleged improper mortgage origination and servicing practices. Complaint, ¶ 16. He also purports to bring this action on behalf of "all persons and entities who have or had mortgage loans owned or serviced by [Defendants]," and alleges that there are at least 5,000 Class Members whose damages are similar to his. Complaint, ¶¶ 29-31. In 2004, Full Spectrum and Countrywide collectively closed approximately 1,383,378 loans, and Defendants collectively serviced approximately 6,261,578 loans. For at least the following reasons, singularly and/or in combination, the allegations in the Complaint demonstrate that the amount in controversy exceeds $5,000,000, exclusive of interest and costs:[1]

(a)    The Complaint alleges that Defendants charged Plaintiff excess loan fees and charges in the amount of $1,827.75. See Complaint, ¶¶ 11, 20, 31. It further alleges

---

[1]    Defendants deny all liability against them and deny that Plaintiff and/or the putative class are entitled to or will recover in any amount. Defendants do not concede or admit that, if liability is found, it will exceed $5,000,000. They instead provide the figures in this Notice to

that Plaintiff's claims are typical and representative of each class member, and each

member "sustained damages as a result of the wrongful conduct for which [Defendants]

are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on

behalf of himself and the putative class, disgorgement of the excess fees and charges and

requests "a full accounting of all revenues (and interest thereon) and costs incurred." Id.,

¶ 22. Disgorgement of $1,827.75 in excess fees and charges for Plaintiff and the alleged

5,000 putative class members from Massachusetts alone would amount to a total

disgorgement of $9,138,750 in fees. Based on the number of mortgage loans closed by

both Defendants nationwide last year, disgorgement of $1,827.75 in excess fees and

charges alleged by Plaintiff would amount to in excess of $50 million in disgorgement of

fees and charges for putative class members who closed their mortgage loans with either

Defendant in 2004.[2]

    (b)    Even if a class member did not incur precisely $1,827.75 in fees, the

$5,000,000 amount in controversy is still met based upon the allegations of improper

fees. The charges alleged in the Complaint to be excessive or improper are common

types of charges on mortgage loans originated by Defendants — for example, some

appraisal fee and some tax service fee is charged on almost every loan — and the range

of charges as alleged for those two fees is common (though Defendants deny charging

duplicative or unnecessary fees). If, as alleged, then the class consists of at least 5,001

persons, the excess fees at issue would only need to average $1,000 for the amount in

controversy to be met. Using actual figures for persons who closed a loan with either

---

demonstrate that the aggregate "amount in controversy," judged by the alleged (but unproven facts), meets the statutory threshold.

[2]   See Note 1, supra.

Defendant during the last year, the average excess fees per class member would need only be approximately $3.62 to satisfy the jurisdictional threshold. It is reasonably likely under the circumstances that the amount in controversy is met.[3]

(c)    The Complaint alleges that Defendants breached Plaintiff's mortgage loan agreement, and that he incurred $12,126.92 in damages, other than the loan fees, as a result of the alleged breaches. Complaint, ¶¶ 16-17. It further alleges that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. Plaintiff seeks, on behalf of himself and the putative class, damages for breach of contract. Complaint, ¶ 18. Breach of contract damages for Plaintiff and the alleged 5,000 putative class members would amount to an award of in excess of $50 million if each class member sustained the same breach of contract damages as Plaintiff allegedly incurred. Based on the number of mortgage loans closed by both Defendants last year, the award for breach of contract damages for each class member who closed loans with either Defendant in 2004 and sustained $12,126.92 in damages would also likely amount to in excess of $50 million.[4]

(d)    Even if a class member did not incur precisely $12,126.92 in damages, the $5,000,000 amount in controversy is still met based upon the allegation of breach of contract damages. If, as alleged, the class consists of at least 5,001 persons, the breach of contract damages at issue would only need to average $1,000 for the amount in controversy to be met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average breach of contract damages per class member

---

[3]    See Note 1, supra.

would only need to be approximately $3.62 to satisfy the $5,000,000 jurisdictional requirement of the Act.[5]

   (e)    The Complaint alleges that Defendants violated G.L. c. 93A, § 9 by willfully committing "unfair trade practices." Complaint, ¶¶ 23-24. Plaintiff claims that he has incurred $17,003 in damages and $9,000 in attorney's fees and costs as a result of Defendants' alleged violation. Complaint, ¶¶ 11, 16. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. In addition to the $9,000 attorney's fees and costs he has incurred to date, Plaintiff seeks, on behalf of himself and the putative class, treble damages. Complaint, Prayers for Relief ¶ 3. As a result, Plaintiff's individual claim is for $51,009, plus $9,000 in attorneys' fees. An award of $51,000 under G.L. c. 93A, § 9 for Plaintiff and each of the alleged 5,000 putative class members would amount to more than $50 million; additional attorney's fees and costs would potentially be awardable. If the amount of attorneys fees and costs is, as alleged, $9,000 per person, that sum would be approximately $45 million. Based on the number of mortgage loans closed by both Defendants in Massachusetts last year (approximately 34,667), an award of relief as alleged by Plaintiff to all Massachusetts borrowers would likely amount to in excess of $50 million. Even if a class member did not incur precisely the same alleged loss, the $5,000,000 amount in controversy is still met. If, as alleged, the class consists of at least 5,001 persons, the Chapter 93A damages at issue would only need to average $1,000 (or, $333.33 in actual damages, trebled) for the amount in

---

[4]    See Note 1, supra.

controversy to be met. Using actual figures for persons who closed a loan with either Defendant in Massachusetts during the last year, each class member need only allege approximately $144.23 in actual damages (or, approximately, $48.08 in actual damages, trebled) to satisfy the jurisdictional requirement.[6]

(f)    Plaintiff further alleges that Defendants engage in "bait and switch" transactions, where they allegedly increase the agreed-upon loan interest rate on the eve of loan closing, when Plaintiff and the putative class members have "no choice but to close." Complaint, ¶¶ 8-10, 17-19, 23, 31, 34. In so doing, Plaintiff asserts, Defendants are able to collect additional loan interest, which Plaintiff seeks to recover in this lawsuit. Id. Though the Complaint is not specific in the amount of such alleged damages, Plaintiff alleges that this interest rate was increased by at least 1.125%, which would result in increased interest payments, over time, of more than $5,000 per year and probably resulted for him personally in a loss of about $1,250 (as he refinanced in three months). Complaint, ¶¶ 9, 13. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible, as described in this complaint." Complaint, ¶ 31. An award of $5,000 to the 5001 alleged members of the putative class would exceed $25 million; an award of $1,250 to the 5001 alleged members would exceed $6.25 million. Even if an alleged class member did not incur precisely the same amount of loss as alleged by Plaintiff, the $5,000,000 amount in controversy is still met. If, as alleged, the class consists of at least 5001 persons, damages in increased interest charges would only need to average $1,000 for the amount

---

[5]    See Note 1, supra.

in controversy to be met; it is reasonable to conclude that the class members' average alleged damages easily exceeds that amount, insofar as, for example, a 1% increase in loan interest on a $100,000 mortgage loan exceeds $1,000 in one (1) year.[7]

(g)    The Complaint seeks rescission of Plaintiff's mortgage loan that he took out on or about August 27, 2004. Complaint, ¶¶ 1, 8. At origination, the amount of Plaintiff's loan was $450,000. Complaint, ¶¶ 6,14. The Complaint asserts that Plaintiff's claims are typical and representative of each class member, and each member "sustained damages as a result of the wrongful conduct for which [Defendants] are responsible as described in this complaint." Complaint, ¶ 31. The Complaint further alleges that Plaintiff seeks, on behalf of himself and the putative class, rescission of their mortgage loans. Rescission of Plaintiff's and the alleged 5,000 putative class members' mortgage loans would put in excess of $50 million in loans in controversy if each class member sought rescission of a loan the same value ($450,000) as Plaintiff's mortgage loan. Based on the number of mortgage loans closed by Defendants last year, rescission of the mortgage loans of each class member who closed loans valued at $450,000 with either Defendant in 2004 would also likely put the amount in controversy in excess of $50 million.[8]

(h)    Even if a class member did not take out a mortgage loan valued precisely at $450,000, the $5,000,000 amount in controversy is still met based upon the allegation of rescission. If, as alleged, the class consists of 5,001 persons, the class member's mortgage loan would only need to average $1,000 for the amount in controversy to be

---

[6]    See Note 1, supra.
[7]    See Note 1, supra.
[8]    See Note 1, supra.

10

met. Using actual figures for persons who closed a loan with either Defendant during the last year, the average amount of a loan would only need to be approximately $144.23 to satisfy the $5,000,000 jurisdictional requirement of the Act.[9]

(i)     As noted above, the Complaint asserts that the putative class consists of at least 5,001 members. Complaint, ¶ 30. Plaintiff claims that the putative class members incurred "substantial money damages" as a result of Defendants' alleged improper mortgage originating and servicing practices. Based on the allegations in the Complaint, each class member need only have $1,000 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[10]

(j)     Finally, as noted above, the Complaint includes vague and generalized allegations concerning purported improper loan servicing by Defendants. For example, Plaintiff alleges that this lawsuit concerns Defendants' purported (a) improper charging and collection of "service" charges and fees, and (b) failure to respond timely to alleged "qualified written request[s]" seeking loan information. See, e.g., Complaint, ¶ 34. Based upon these (and other similar) allegations, Plaintiff seeks to represent a class consisting on all "persons and entities who have or had mortgage loans owned or serviced" by Defendants over an unspecified period of time. Complaint, ¶ 29. In 2004 alone, Defendants serviced over 6 million loans. Given this, and based upon the allegations in the Complaint, each class member need only have less than $1.00 in alleged damages to satisfy the $5,000,000 amount in controversy requirement under the Act.[11]

---

[9]    See Note 1, supra.

[10]   See Note 1, supra.

[11]   See Note 1, supra.

10.    In light of Plaintiff's allegations that the putative class members, of which there are alleged to be at least 5,001, incurred "substantial money damages," including "actual and statutory damages," "treble damages," and "restitution based on unjust enrichment and disgorgement of funds unjustly obtained" as a result of Defendants' alleged improper mortgage origination and servicing practices, and based on the entirety of the Complaint as pled, it is reasonably likely that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.[12]

## Diversity Jurisdiction (pre-CAFA standards)

### Diversity of Citizenship

17.    Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states.

18.    Plaintiff is a citizen of Massachusetts, and has been since he filed the State Court Action. Plaintiff resides at 14 Everett Street, Norfolk, MA, and intends to stay at that residence. Complaint, ¶¶ 2 (alleging Plaintiff's residence), 30 (detailing Plaintiff's desire to represent Massachusetts residents, among other class members). Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992).

19.    Full Spectrum is now a division of Countrywide, and Countrywide is a citizen of New York and California. Thus, Defendants are citizens of New York and California for purposes of determining diversity jurisdiction. See 28 U.S.C. § 1332(c)(1) (defining corporate citizenship).

20.    Neither Full Spectrum nor Countrywide is a citizen of Massachusetts, where the State Court Action was brought. See 28 U.S.C. § 1441(b).

---

[12]    Defendants reserve their right to state additional reasons why the jurisdictional threshold is met, and to offer additional evidence in support of such reasons and this Notice.

<u>Amount in Controversy</u>

21.    The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.

22.    Whether the amount in controversy is met for the purposes of diversity jurisdiction depends on the claims of the named-plaintiff.  <u>Coventry Sewage Assocs. v. Dworkin Realty, Co.</u>, 71 F.3d 1, 6 (1st Cir. 1995).  The allegations in the Complaint make it clear that Plaintiff's claims exceed $75,000.

    (a)    <u>Rescission</u>.    Plaintiff seeks rescission of his mortgage loan. <u>Complaint</u>, ¶ 1.  Plaintiff alleges that the loan was taken out on or about August 27, 2004. <u>Id.</u>, ¶ 8. At origination, the amount of the loan was $450,000. <u>Id.</u>, ¶ 6, 14.  The amount of the loan at issue is considered part of the amount in controversy when rescission is requested. <u>See, e.g.</u>, <u>Rosen v. Chrysler Corp.</u>, 205 F.3d 918, 921 (6th Cir. 2000) ("[W]here a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy.") (citing Fifth, Seventh, and Ninth Circuit cases); <u>Weddington v. Ford Motor Credit Co.</u>, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999)

    (b)    <u>Disgorgement</u>.    Plaintiff claims that Defendants "engaged in unfair mortgage practices" by collecting "monies that were not due and owing under applicable contract law because the contract or applicable law does not permit [Defendants] to collect such unreasonable fees and charges." <u>Complaint</u>, ¶¶ 19-20.  According to the Complaint, Plaintiff seeks, on behalf of himself and "other class members," disgorgement of "all the profits earned from the said funds" and "a full accounting of all revenues (and interest thereon) and costs incurred." <u>Id.</u>, ¶ 21-22.  The alleged disgorgement of the fees, if proven, would likely exceed $75,000, and for purposes of removal are attributable to

13

the named plaintiff.   In re Microsoft Corp. Antitrust Litig., 127 F. Supp. 2d 720-21 (D.

Md. 2001) (attributing amount of demanded disgorgement to representative plaintiff

because that party may "recover the entire unjust benefit obtained by the defendant" in

addition to his individual damages).

    (c)    Equitable Relief.    Plaintiff also seeks "injunctive relief" as a result of

Defendants' alleged violations of various federal and state statutes. Complaint, ¶ 1. For

purposes of ascertaining the amount in controversy, the value of Plaintiff's claims for

equitable relief may be measured by Defendants' costs of compliance. In re Microsoft

Corp., 127 F. Supp. 2d at 718-19. The value of Plaintiff's demand for injunctive relief

would, if supported, exceed $75,000 because it would require not only changes in

Defendants' procedures but also internal expenses and costs, and losses, the collective

value of which would exceed that amount.

    (d)    Damages.    Plaintiff claims that he has incurred $17,003.62 in damages

and costs as a result of Defendants' alleged improper mortgage origination and servicing

practices. Complaint, ¶ 16. He also seeks statutory damages under Chapter 93A in an

amount equal to three times that amount (id., Prayers for Relief ¶ 3), and statutory

damages under TILA of no more than $1,000 but not less than $100. Complaint, ¶ 1,

Prayers for Relief ¶ 2.

    (e)    Attorneys' Fees.    Plaintiff seeks to recover attorneys' fees awardable

under Mass. G.L. c. 93A, § 9. Complaint, ¶¶ 1, 28. See G.L. c. 93A, § 9(3)(A) (entitling

injured party to award of attorneys' fees). The potential award of attorneys' fees under

G.L. c. 93A is included in the amount in controversy for diversity jurisdiction. Spielman

v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (recognizing that attorneys' fees

14

awarded under G.L. c. 93A, §4 may be included in the amount in controversy determination). Plaintiff claims that amount is $9,000. <u>Complaint</u>, ¶ 16.

### Supplemental Jurisdiction

23. The individual claims of the absent members of the putative class exceed $75,000, exclusive of interest and costs. The Complaint alleges that all damages and other awards sought for the named Plaintiff are also being sought on behalf of the putative class. <u>Complaint</u>, ¶¶ 1, 17-18, 22, 28, Prayers for Relief ¶¶ 1-4. Because the amounts requested by the named Plaintiff's claims satisfy the jurisdictional threshold, so too do the claims of the absent class members.

24. Alternatively, if the jurisdictional amount is not satisfied as to the absent putative class members, removal of this putative class action is proper because this Court may exercise supplemental jurisdiction over absent class members under 28 U.S.C. § 1367. <u>See, e.g.</u>, <u>Payne v. Good year Tire & Rubber Co.</u>, 229 F. Supp. 2d 43, 52 (D. Mass. 2002); <u>Rosmer v. Pfizer, Inc.</u>, 263 F.3d 110 (4th Cir. 2001); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927 (9th Cir. 2001); <u>Stromberg Metal Works Inc. v. Press Mech., Inc.</u>, 77 F.3d 928 (7th Cir. 1996); <u>In re Abbott Labs.</u>, 51 F.3d 524 (5th Cir. 1995).

25. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and/or 28 U.S.C. § 1367.

### **Compliance with the Removal Statute and Local Rules**

26. As set forth in 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." Accordingly, the State Court

Action may be removed without regard to whether any defendant is a citizen of Massachusetts (which they are not), and it may be removed without the consent of all defendants.

27.    Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served upon defendant Full Spectrum, namely the Summons and Complaint. See 28 U.S.C. § 1446(a).

28.    Attached hereto as Exhibit B is a copy of all process, pleadings and orders served upon defendant Countrywide in the State Court Action, namely the Summons and Complaint. See 28 U.S.C. § 1446(a).

29.    Full Spectrum received by service the Summons and Complaint on March 2, 2005, and Countrywide received by service the Summons and Complaint on March 2, 2005. Receipt of the summons and complaint by each defendant was the first notice of the State Court Action or federal jurisdiction received by each defendant. Defendants file this Notice of Removal with the United States District Court for the District of Massachusetts on April 1, 2005, within 30 days after receipt by Defendants of the State Court Action Summons and Complaint. See 28 U.S.C. § 1446(b).

30.    Attached hereto as Exhibit C is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiffs' counsel and filed with the Clerk of the Superior Court for Norfolk County, Massachusetts. See 28 U.S.C. § 1446(d).

31.    Defendants will also file with the Clerk of the Superior Court for Norfolk County, Massachusetts a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

32.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

16

WHEREFORE, this action should proceed in the United States District Court for the

District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

_Brook R Brn_
Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served upon
[each party appearing pro se and] the
attorney of record for each other party
by mail (by hand) on **April 1, 2005**.

_Brook R B._

A TRUE COPY
Attest: _Maureen Q. Foto_
Deputy Assistant Clerk
5/3/05

17

A

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   05  00310

KERIN LOCKWOOD, Individually and
on behalf of Class Members
..............................................., *Plaintiff(s)*

v.

FULL SPECTRUM LENDING, INC,, and
COUNTRYWIDE HOME LOANS, INC.,..........., *Defendant(s)*

## SUMMONS

To the above-named Defendant:   FULL SPECTRUM LENDING, INC.

You are hereby summoned and required to serve upon  Evans J. Carter, Esq.
01701-0966
plaintiff's attorney, whose address is  P.O. Box 966, Framingham, MA., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham, MA  the   24th

day of ..February...................., in the year of our Lord two thousand and ..five.............

*[signature]*  Clerk

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- **3 /0  C**

---

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

Defendants

---

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

## I. Introduction and Overview of Action

1. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants.  This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification).  The plaintiff is seeking in this compliant to certify a nationwide class action.  Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2. The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3. The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4. The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

F:\CARTER\LOCKWOOD\complaint.wpd

5.    The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.    Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.    No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.    At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.    The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10.    The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11.    In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

    a.    $535 Processing fee to Full Spectrum Lending (line 810);

    b.    $838.75 for owners' title insurance that was not requested (line 1110);

    c.    The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

    d.    Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12.    Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13.    As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14. On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15. On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16. By the above-stated actions, the plaintiff has incurred damages and costs as follows:

   1. Needless costs, fees and expenses to:

      i)   The Lender . . . . . . . . . . . . . . . . . . . . . . . . . . . $  4,876.70

      ii)  Mortgage payments made  . . . . . . . . . . . . . . .  12,126.92

      iii) Attorney's fees and costs (to date) . . . . . . . .   9,000.00

                        **Total**              **$16,003.62**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17. By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18. The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19.     The Lender has engaged in unfair mortgage practices.

20.     The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21.     This claim is for disgorgement of the unjust enrichment to the Lender.

22.     The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23.     By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24.     The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25.     The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26.     On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27.     On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

28.   As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.   The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.   Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.   The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.   The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.   A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.   Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

b.    Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

c.  Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

d.  Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

e.  Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

f.  Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.  The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.  Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits.  Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.  In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.  The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.  Declare this action to be a Class Action.

2.  Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.  Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.  Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.     Award to plaintiff and to all Class Members such other and further relief as this court may
       deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

BERIN LOCKWOOD, Plaintiff
By his Attorney


Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated:  February 18, 2005

# A. Settlement Statement

**U.S. Department of Housing And Urban Development**

HUD-1 (3/86) OMB No. 2502-0265

**B. Type of Loan**

| | | | | | |
|---|---|---|---|---|---|
| ☐ FHA | 2. ☐ FmHA | 3. ☑ CONV. UNINS. | 6. File Number: | 7. Loan Number: 68114669 | 8. Mortgage Ins. Case No.: |
| ☐ VA | 5. ☐ CONV. INS. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | | |
|---|---|---|
| **D. Name and Address of Borrowers:** Berin Lockwood<br><br>125 Pugsley Avenue<br>Apt. 516<br>Richmond Hill          Ont. | | **F. Name and Address of Lender:** Full Spectrum Lending<br><br>500 Edgewater Park, Suite 568<br>Wakefield, MA 01880 |
| **E. Name and Address of Sellers:** James W. Sewell          Carolyn A. Sewell<br><br>14 Everett Street<br><br>Norfolk          MA    02056 | | **H. Settlement Agent:** Gary F. Kinsella<br><br>72 Sumner Street<br>Boston, MA 02125 |
| **G. Property Location:** 14 Everett Street<br><br>Norfolk          MA    02056 | **I. Settlement Date:** 08/27/2004 | **Place of Settlement:** Gary F. Kinsella Atty. at Law<br>22 Sumner Street Dorchester, MA 02125 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $535,718.21 | **420. Gross Amount Due To Seller** | $530,541.51 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1   Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $502,000.00 | **520. Total Reductions Amount Due Seller** | $164,581.45 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| **303. CASH ☑ FROM ☐ TO BORROWER:** | $33,718.21 | **603. CASH ☑ TO ☐ FROM SELLER:** | $365,960.06 |

Buyer's Initials _BL_          Seller's Initials _JnS_ _CeS_

**EXHIBIT**

_A_

Settlement Statement Page 2

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price 530,000.00 @ 5.0000 % =26,500.00 | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. 15,900.00 to Re/Max Landmark | | | |
| 702. 10,600.00 to Re/Max Executive | | | 26,500.00 |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable in Connection With Loan | | | |
| 801. Loan Origination Fee % | | | |
| 802. Loan Discount % | | 75.00 | |
| 803. Appraisal Fee to Appraisale Unlimited | | 35.00 | |
| 804. Credit Report to LandSafe | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 /day | | 439.20 | |
| 902. Mortgage Insurance Premium for mo. to | | | |
| 903. Hazard Insurance Premium for yrs. to | | | |
| 904. yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ 484.44 per month | | | |
| 1004. months @ per month | | | |
| 1005. months @ per month | | | |
| 1006. months @ per month | | | |
| 1007. | | | |
| 1008. Aggregate Adjustment | | | |
| 1100. Title Charges | | 695.00 | |
| 1101. Settlement or closing fee to Gary F. Kinsella, Esquire | | 130.00 | |
| 1102. Abstract or title search to Quirk Associates | | 75.00 | |
| 1103. Title examination to Gary F. Kinsella, Esq. | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to ) | | | |
| (includes above item Numbers: | | 2,140.50 | |
| 1108. Title Insurance to First American Title Insurance Company ) | | | |
| (includes above item Numbers: | | | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | |
| 1110. Owner's coverage 530,000.00 Owner's Premium: $828.75 | | 50.00 | |
| 1111. Rundown and Record to Quirk Associates | | | |
| 1112. | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | |
| 1200. Government Recording and Transfer Charges | | 302.00 | 152.00 |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | | |
| 1202. City/county tax/stamps: Deed ; Mortgage | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | 91.00 | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | | |
| 1300. Additional Settlement Charges | | 150.00 | |
| 1301. Survey to Northstar Co. | | | |
| 1302. Pest Inspection to | | 35.00 | 35.00 |
| 1303. Overnight Delivery Fees to FedEx | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | $4,876.70 | $29,343.60 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers _____    Sellers _____    _____
Berin Lockwood                    James W. Sewell      Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____    Date 08/27/2004
Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**

Department
Corporate Drive
X 75024-4100
9-6607
72-626-1115

## PAYOFF DEMAND STATEMENT

Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
Chl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:

Berin Lockwood
14 Everett Street
Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | $ | 451,926.51 |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate + 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.   They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

Wire funds to:
Beneficiary Bank: Bank of America
   ABA Routing #: 121 000 358
   Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
   Reference: Berin Lockwood
   Loan Number: 68114669-2.

Mail funds to:
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX  75024-4100

call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT

B

Number

Countrywide Home Loans Servicing LP                                Account No.: 68114669-2
Payoff Demand Statement Page 2                          Customer Name: Berin Lockwood

Payoff amount is subject to change for various reasons, including but not limited to the following:

You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
Your payment has been returned to us by your financial institution for any reason.
A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
Potential collection charges that may be applied if your account is past due.
Late charges for delinquent payments received after: 12/16/2004.

*IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.*

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuniquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information using an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement with a maximum of $90.00).

If you're planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is complete may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.    Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.    Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.    Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.    M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).



EXHIBIT

C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 2
December 17, 2004

To-wit:

1.   No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2.   Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3.   The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4.   Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5.   The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

   a.   $535 processing fee to Full Spectrum Lending (line 810);

   b.   $838.75 for owners to be insured that was not requested (line 1110); and

   c.   The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6.   The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7.   No mortgage loan commitment letter was ever provided to the consumer/borrower.

8.   No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9.   No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/borrower at the closing.

10.   It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

|   |   |   |
|---|---|---|
| a. | All closing costs, fees and expenses | $  5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
|   | **TOTAL** | **$18,203.62** |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain.

Very truly yours,

Evans J. Carter

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.     A request for an itemized accounting of the above-stated loan is hereby demanded.

2.     Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

**EXHIBIT**
D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD
14 EVERETT ST
NORFOLK MA 02056

| :ck no: | 1178114 | | Treasury id: | 27627349 | | Page: | 1 |
|---|---|---|---|---|---|---|---|
| e: | 12/13/2004 | | Comp. No: | 681 | | | CFC8POA |
| ck amount: | 87.78 | | Agency No: | 14669 | | | -ESR |
| | | | Escrow type: | 10 | | | |
| :ck payee: | BERIN LOCKWOOD | | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | | |

| an no | Amount | Mortgagor | Reference |
|---|---|---|---|
| :114669 | 87.78 | BERIN LOCKWOOD | |

TAL:        87.78

\*NUMBER OF ACCOUNTS:        1



⑈0001178114⑈ ⑆031100209⑆        3868 7899⑈

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
## Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax  (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
<u>**RETURN RECEIPT REQUESTED**</u>

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

       This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was <u>not</u> for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

       This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

       I remain

                    Very truly yours,

                    EVANS J. CARTER

EJC/aec

**EXHIBIT**
_E_

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone  (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

**EXHIBIT**
F

**Countrywide Home Loans Servicing LP**
Payoff Department
7105 Corporate Drive
Plano, TX 75024-4100
1-800-669-6607
Fax: 972-526-1115

3,161

# PAYOFF DEMAND STATEMENT
### Statement Date: November 17, 2004
### Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
CHL Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:
Berin Lockwood
14 Everett Street
Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

|  |  |
|---|---|
| Principal Balance as of 11/01/2004 | $ 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | 2,543.35 |
| *Statement Fees | 30.00 |
| County Recording Fee | 75.00 |
| **Total Payoff Due on Loan No. 68114669** | **$ 451,926.51** |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

* Daily Interest Daily interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY. They MUST reference the Countrywide loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX345
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

### This communication is from a debt collector

### See page 2 for important information

S316.CF 1020 4/7/2004

MAY 17 2000 9:03PM    Fax Station :    Law Office of Irina Smirnghte    p    3

Countrywide Home Loans Servicing LP                        Account No.: 68114669-2
Payoff Demand Statement Page 2                    Customer Name: Berin Lockwood

The payoff amount is subject to change for various reasons, including but not limited to the following:

· You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
· Your payment has been returned to us by your financial institution for any reason.
· A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
· Potential collection charges that may be applied if your account is past due.
· Late charges for delinquent payments received after: 12/18/2004.

IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuniquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

As you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information through an automated telephone system at 1-800-669-5833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

**B**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05    00310

BERIN LOCKWOOD, Individually and on
behalf of Class Members
..............................................., *Plaintiff(s)*

v.

FULL SPECTRUM LENDING, INC., and
COUNTRYWIDE HOME LOANS, INC.
..............................................., *Defendant(s)*

### SUMMONS

To the above-named Defendant:    COUNTRYWIDE HOME LOANS, INC.

You are hereby summoned and required to serve upon ..... Evans J. Carter, Esq.
P.O. Box 966
plaintiff's attorney, whose address is .Framingham, MA 01701-0966........., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.
BARBARA J. ROUSE, Esquire
WITNESS, SUZANNE V. DELVECCHIO, Esquire, at .Dedham, MA....the ....24th..............

day of ....February.................., in the year of our Lord two thousand and ..five...........................

_____ Clerk

A true copy Attest:

Deputy Sheriff Suffolk County

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-88

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05- **3 / 0 C**

BERIN LOCKWOOD, Individually
and on behalf of Class Members,

Plaintiff

v.

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,
Defendants

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

## I. Introduction and Overview of Action

1.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have or have had residential mortgage loans with either or both of the defendants.   This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services), 15 USC § 160/et seq. (TILA), 12 CFR Part 26 (Regulation X), G.L. Chapter 140D (Mass. Consumer Credit Cost Disclosure), and G.L. Chapter 93, § 70 (Certification).  The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. Parties

2.  The plaintiff, Berin Lockwood, resides at 14 Everett Street, Norfolk, Norfolk County, Massachusetts, and he formerly resided in Ontario, Canada.

3.  The defendant, Full Spectrum Lending, Inc., is a corporation with its executive offices in Pasadena, California, and a Massachusetts office at 50 Braintree Hill Road, Braintree, Norfolk County, Massachusetts, and it is owned or is a subsidiary of Countrywide Financing Corporation.

4.  The Defendant, Countrywide Home Loans, Inc., is a corporation with its offices in Sims Valley, California and it is owned by or is a subsidiary of Countrywide Financial Corporation. Both Full Spectrum Lending, Inc. and Countrywide Home Loans, Inc. are hereinafter referred to, collectively, as the "Lender."

F:\CARTER\LOCKWOOD\complaint.wpd

5.    The plaintiff was living in Canada with his wife and entered into an agreement to purchase a home on or about July 22, 2004 located at 14 Everett Street, Norfolk, Massachusetts, and he spoke with Harold Bean of the Lender in order to obtain mortgage financing.

6.    Mr. Bean told the plaintiff that he could get a 5.25% mortgage loan in the principal amount of $450,000 for him and that no rate lock-in agreement or documentation would be needed but later, Mr. Bean advised that the best he could do would be 6%.

7.    No good faith estimate of the settlement charges were provided to the plaintiff, as required by law, nor was any loan commitment letter sent to the plaintiff.

8.    At the real estate closing, which took place on or about August 27, 2004, a classic bait and switch practice was completed.

9.    The mortgage loan product given to the plaintiff did not have a rate of interest at 6% fixed interest for 30 years but, rather, was a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The Truth-in-Lending Disclosure Statement at the closing stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

10.    The plaintiff literally had no choice but to close as he had made firm arrangements to move and he would have lost his home deposit in an amount of $53,000.

11.    In addition, the settlement statement provided for improper and/or excess fees and unreasonable charges were collected, such as, but not limited to:

   a.    $535 Processing fee to Full Spectrum Lending (line 810);

   b.    $838.75 for owners' title insurance that was not requested (line 1110);

   c.    The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300, and both were collected; and

   d.    Tax services charge of $79 (line 809) but the loan had no real estate tax escrow account and, in any event, should have refunded on some basis because it was not utilized.

   A copy of the Settlement Statement is annexed hereto and marked as Exhibit A.

12.    Neither at the closing nor to date, was a legal opinion, as required by G.L. Chapter 93, Section 70, provided to the plaintiff.

13.    As soon as reasonably practicable, the plaintiff applied for a new mortgage loan, which he obtained, and he had the mortgage loan refinanced and the lender paid off by on or about November 29, 2004 so the mortgage loan to the Lender was only outstanding for three (3) months. A copy of the lender's payoff letter of November 17, 2004 is annexed hereto and

marked as Exhibit B.

14.    On or about December 13, 2004, after the $450,000 mortgage loan had been paid in full, the Lender sent a check for $87.78 marked "escrow balance refund," but no real estate tax escrow or any other type of escrow account was disclosed to the plaintiff.

15.    On or about December 17, 2004, the plaintiff caused a G.L. Chapter 93A demand letter to be sent to the Lender, a copy of which is annexed hereto and marked as Exhibit C.

16.    By the above-stated actions, the plaintiff has incurred damages and costs as follows:

    1.    Needless costs, fees and expenses to:

        i)    The Lender . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  4,876.70

        ii)    Mortgage payments made  . . . . . . . . . . . . . . .  12,126.92

        iii)    Attorney's fees and costs (to date) . . . . . . . .   9,000.00

                      **Total**                        **$16,003.62**

## COUNT I

### *(Breach of Contract)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17.    By the above-stated actions, the Lender has breached the agreements with the plaintiff whereby the plaintiff has been, as well as the other class members, caused to incur substantial money damages.

## COUNT II

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, as if fully set forth herein.

18.    The Lender owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the Lender breached the same which caused damages to the plaintiff and the other class members.

## COUNT III

### (Disgorgement of Wrongful Profits and for an Accounting)

The plaintiff incorporates by reference and realleges paragraphs 1 through 18 inclusive, as if fully set forth herein.

19.    The Lender has engaged in unfair mortgage practices.

20.    The Lender has collected monies that were not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such unreasonable fees and charges.

21.    This claim is for disgorgement of the unjust enrichment to the Lender.

22.    The plaintiff and the other class members have suffered monetary losses by virtue of the Lender's conduct and they request a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds.

## COUNT IV

### (Unfair Trade Practices, G.L. Chapter 93A)

The plaintiff incorporates by reference and realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23.    By the above-stated actions, the Lender has committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

24.    The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the Lender.

25.    The Lender conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

26.    On or about December 17, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the Lender (Exhibit C).

27.    On or about December 23, 2004, January 10, 2005 and January 17, 2005, amendments to the demand letter were caused to be served on the Lender, a copy of each of which is annexed hereto and marked as Exhibit D, E and F respectively.

28.  As a direct result of the Lender's unfair trade practices, as above-stated, the plaintiff and the other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT V

### (Class Action Certification)

The plaintiff incorporates by reference and reallege paragraphs 1 through 28 inclusive, as if fully set forth herein.

29.  The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans owned or serviced by the Lender (collectively "Class" or "Class Members").

30.  Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 5,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

31.  The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the Lender is responsible as described in this complaint.

32.  The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

33.  A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

34.  Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

    a.  Whether the Lender breached its obligations and duties owed with regard to home mortgage loan accounts;

    b.  Whether the Lender has breached state and federal statutes and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing), 15 USC §§ 7601, et seq., 12 CFR Part 26 (Regulation XI, G.L. Chapter 140D (MCCCD) and G.L. Chapter 93, Section 7D (Title Certification).

    c.     Whether the Lender has committed unfair trade practices in Massachusetts and in other states which now all have so-called "baby F.T.C." unfair trade practices statutes;

    d.     Whether the Lender has unreasonably imposed and collected service charges for services that were not performed or only partially preformed; and

    e.     Whether the Lender wrongfully assesses and collects unilaterally imposed unfair or unreasonable fees and charges;

    f.     Whether the Lender fails to timely provide, after a qualified written request has been made of it, written responses that address each of the issues raised in said request.

35.    The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

36.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

37.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the Lender would suffer no prejudice as a result of certification and where certification would assure the class members that the Lender would not evade its responsibility in implementing any Court orders.

38.    The names and addresses of all Class Members are available from the Lender and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

    WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.    Declare this action to be a Class Action.

2.    Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.    Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.    Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.     Award to plaintiff and to all Class Members such other and further relief as this court may
       deem meet, just and proper.


       **THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


                                        BERIN LOCKWOOD, Plaintiff
                                        By his Attorney



                                        Evans J. Carter, Esq. (BBO # 076560)
                                        Hargraves, Karb, Wilcox & Galvani, LLP
                                        550 Cochituate Road
                                        P.O. Box 966
                                        Framingham, MA 01701-0966
                                        (508) 620-0140


Dated:   February 18, 2005

| A. **Settlement Statement** | U.S. Department of Housing And Urban Development | HUD-1 (3/86) OMB No. 2502-0265 |
|---|---|---|

**B. Type of Loan**

1. ☐ FHA   2. ☐ FmHA   3. ☑ CONV. UNINS.
4. ☐ VA   5. ☐ CONV. INS.

6. File Number:
7. Loan Number: 68116669
8. Mortgage Ins. Case No.:

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers: | F. Name and Address of Lender: |
|---|---|
| Berin Lockwood | Full Spectrum Lending |
| 125 Pugsley Avenue | 500 Edgewater Park, Suite 568 |
| Apt. 516 | |
| Richmond Hill        Ont. | Wakefield, MA 01880 |

| E. Name and Address of Sellers: | H. Settlement Agent |
|---|---|
| James W. Sewell         Carolyn A. Sewell | Gary F. Kinsella |
| 14 Everett Street | 22 Sumner Street |
| Norfolk        MA     02056 | Boston, MA  02125 |

| G. Property Location: | I. Settlement Date: | Place of Settlement: |
|---|---|---|
| 14 Everett Street | 08/27/2004 | Gary F. Kinsella Atty. at Law |
| Norfolk        MA     02056 | | 22 Sumner Street Dorchester, MA 02125 |

**J. Summary of Borrower's Transaction**

**K. Summary of Seller's Transaction**

| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
|---|---|---|---|
| 101. Contract sales price | 530,000.00 | 401. Contract sales price | 530,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,876.70 | 403. | |
| 104. Appraisal Fee to Appraisals | 300.00 | 404. | |
| 105. | | 405. | |

Adjustments for items paid by seller in advance

Adjustments for items paid by seller in advance

| 106. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 | 406. City/town taxes 08/27/2004 to 09/30/2004 | 541.51 |
|---|---|---|---|
| 107. County taxes             to | | 407. County taxes             to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | **$535,718.21** | **420. Gross Amount Due To Seller** | **$530,541.51** |

| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
|---|---|---|---|
| 201. Deposit or earnest money | 52,000.00 | 501. Excess deposit (see instructions) | 25,500.00 |
| 202. Principal amount of new loan(s) | 450,000.00 | 502. Settlement charges to seller (line 1400) | 29,343.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1  Countrywide Home Loans | 109,737.65 |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |

Adjustments for items unpaid by seller

Adjustments for items unpaid by seller

| 210. City/town taxes             to | | 510. City/town taxes             to | |
|---|---|---|---|
| 211. County taxes             to | | 511. County taxes             to | |
| 212. Assessments             to | | 512. Assessments             to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | **$502,000.00** | **520. Total Reductions Amount Due Seller** | **$164,581.45** |

| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
|---|---|---|---|
| 301. Gross amount due from borrower (line 120) | $535,718.21 | 601. Gross amount due to seller (line 420) | $530,541.51 |
| 302. Less amount paid by/for borrower (line 220) | ($502,000.00) | 602. Less reductions in amount due seller (line 520) | ($164,581.4 |
| **303. CASH** ☑ FROM ☐ TO BORROWER: | **$33,718.21** | **603. CASH** ☑ TO ☐ FROM SELLER: | **$365,960.06** |

Buyer's Initials _BL_

Seller's Initials _JWS_ _CAS_

**EXHIBIT**

**A**

Settlement Statement Page 2

**L. Settlement Charges**

| 700. Total Sales/Broker's Commission based on price $30,000.00 @ 5.0000 % =26,500.00 | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| Division of Commission (line 700) as follows: | | | |
| 701. 15,900.00 | to Re/Max Landmark | | |
| 702. 10,600.00 | to Re/Max Executive | | 26,500.00 |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable In Connection With Loan | | | |
| 801. Loan Origination Fee % | | | |
| 802. Loan Discount % | | 75.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | 35.00 | |
| 804. Credit Report to Landsafe | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | 25.00 | |
| 808. Flood Certification to Landsafe Flood | | 79.00 | |
| 809. Tax Service Fee to Countrywide Tax Service | | 535.00 | |
| 810. Processing Fee to Full Spectrum Lending | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 08/27/2004 to 08/31/2004 @ 87.84 /day | | 439.20 | |
| 902. Mortgage Insurance Premium for mo. to | | | |
| 903. Hazard Insurance Premium for yrs. to | | | |
| 904. yrs. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ 484.44 per month | | | |
| 1004. months @ per month | | | |
| 1005. months @ per month | | | |
| 1006. months @ per month | | | |
| 1007. | | | |
| 1008. Aggregate Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to Gary F. Kinsella, Esquire | | 695.00 | |
| 1102. Abstract or title search to Quirk Associates | | 150.00 | |
| 1103. Title examination to Gary F. Kinsella, Esq. | | 75.00 | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to ( Includes above item Numbers: ) | | | |
| 1108. Title Insurance to First American Title Insurance Company ( Includes above item Numbers: ) | | 2,140.50 | |
| 1109. Lender's coverage 450,000.00 Loan Premium: $1,311.75 | | | |
| 1110. Owner's coverage $30,000.00 Owner's Premium: $828.75 | | | |
| 1111. Rundown and Record to Quirk Associates | | 50.00 | |
| 1112. | | | |
| 1113. Title Agent Commission $1,498.35 70% | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed 126.00 ; Mortgage 176.00 ; Releases 152.00 | | 302.00 | 152.00 |
| 1202. City/county tax stamps: Deed ; Mortgage | | 0.00 | 2,416.80 |
| 1203. State tax/stamps: Deed 2,416.80 ; Mortgage | | | |
| 1204. Obtain and Record MLC to Town of Norfolk/Norfolk Deeds | | 91.00 | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to Northstar Co. | | 150.00 | |
| 1302. Pest Inspection to | | 35.00 | 25.00 |
| 1303. Overnight Delivery Fees to FedEx | | | 125.00 |
| 1304. Mortgage Discharge Fee to Gary F. Kinsella/ATS | | | 125.00 |
| 1305. Drafting of Deed to Gary F. Kinsella, Esq. | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | $4,876.70 | $29,343.80 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers

_Berin Lockwood_
Berin Lockwood

Sellers

_James W. Sewell_     _Carolyn A. Sewell_
James W. Sewell          Carolyn A. Sewell

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____     Date  08/27/2004

Gary F. Kinsella, Esquire

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.

**Countrywide Home Loans Servicing LP**
~~Payoff Department~~
~~Corporate Drive~~
~~X 75024-4100~~
~~669-6607~~
~~972-526-1115~~

3,161

# PAYOFF DEMAND STATEMENT
### Statement Date: November 17, 2004
### Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
Cbl Automated Payoff
Faxed Demand
X
X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:
Berin Lockwood
14 Everett Street
Norfolk, MA 02056

**Payoff Loan No.: 68114669-2**
Case #

| | | |
|---|---|---|
| Principal Balance as of 11/01/2004 | $ | 449,278.16 |
| Interest from 11/01/2004 to 11/30/2004 | | 2,543.35 |
| *Statement Fees | | 30.00 |
| County Recording Fee | | 75.00 |
| **Total Payoff Due on Loan No. 58114669** | $ | 451,926.51 |

*Please refer to important information about this fee on the next page of this statement.

| Daily Interest¹ | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

¹ Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.  They MUST reference the Countrywide loan number, property address and remitter's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

**Wire funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 121 000 358
Beneficiary Acct Name: MRC
Beneficiary Acct Number: 12356-19173
Reference: Berin Lockwood
Loan Number: 68114669-2.

**Mail funds to:**
Attention: Payoff Department, Mail Stop PTX348
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.

*This communication is from a debt collector*

*See page 2 for important information*

EXHIBIT
B

S31 01.CF 1030 4/07/2004

Countrywide Home Loans Servicing LP
Demand Statement Page 2

Account No.: 68114669-2
Customer Name:  Berin Lockwood

payoff amount is subject to change for various reasons, including but not limited to the following:

you have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
your payment has been returned to us by your financial institution for any reason.
scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
potential collection charges that may be applied if your account is past due.
late charges for delinquent payments received after: 12/16/2004.

**COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.**

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuniquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0025.

you have been informed prior to ordering this statement, Countrywide provides free verbal payoff information using an automated telephone system at 1-800-669-5833.  Instead, you have elected to purchase Countrywide's payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand.  The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument.  If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (to a maximum of $90.00).
are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have our electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is made may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

December 17, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Gregory Allen Lumsden, President
FULL SPECTRUM LENDING, INC.
35 N. Lake Avenue
Pasadena, CA 91101
and
4500 Park Granada
Calabasas, CA 91302

Branch Manager
FULL SPECTRUM LENDING, INC.
50 Braintree Hill Avenue
Braintree, MA 02184

Branch Manager
FULL SPECTRUM LENDING, INC.
500 Edgewater Drive, Suite 568
Wakefield, MA 01880

President
COUNTRYWIDE HOME LOANS, INC.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:   Berin Lockwood (Borrower/Consumer)
      14 Everett Street, Norfolk, MA 02056 (Home/Residence)
      8/27/04 Mortgage Loan of $450,000
      DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Gentlemen/Ladies:

I have been retained by the above-named Berin Lockwood to review the above-stated mortgage loan documentation. I have opined that your respective companies have committed unfair trade practices in violation of M.G.L. Chapter 93A as well as violations of, among other laws:

a.   Federal Consumer Credit Cost Disclosure Act (TILA) 15 USC §§ 1601 et seq. And Regulation X (12 C.F.R., part 226);

b.   Massachusetts Consumer Credit Cost Disclosure, M.G.L. Chapter 140D;

c.   Federal Real Estate Settlement Procedures Act ("RESPA") i 12 USC §§ 2601-17 and Regulation X (24 C.F.R. part 3500); and

d.   M.G.L. Chapter 93, Section 70 (Certification of Title to Mortgaged Premises).



EXHIBIT
C

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 2
December 17, 2004

To-wit:

1.    No good faith estimate of settlement charges <u>prior to the closing</u> was provided to Mr. Lockwood, as required by law.

2.    Mr. Lockwood was informed that Countrywide Home Lonas, Inc., and not Full Spectrum Lending, Inc., was the lender as Full Spectrum Lending, Inc. is a sub-prime, predatory lender who was unknown to my client until the closing; a classic, outlawed bait and switch technique.

3.    The rate of interest was to be 6% fixed interest for 30 years and not a strange/hybrid 8.5% margin with a 7.125% floor and a 14.125% ceiling ARM product. The TILA Disclosure Statement, at the closing, stated APR of 9.385% with increasingly larger mortgage payments after 36 months.

4.    Dave L. Droza of Countrywide Home Loans, Inc., prepared the mortgage loan documents for Full Spectrum Lending, Inc., which established Countrywide Home Loans, Inc., control of the closing, terms, etc.

5.    The settlement statement shows that improper and/or excessive fees or charges were collected, such as, but not limited to:

    a.    $535 processing fee to Full Spectrum Lending (line 810);

    b.    $838.75 for owners to be insured that was not requested (line 1110); and

    c.    The appraisal fee to Appraisals Unlimited is stated to be $75 (line 803) but at line 104, it is stated to be $300 and both were collected.

6.    The Affiliated Business Agreement Disclosure Statement fails to show the arrangement (true state of the ownership, control and drafting of documents) by Countrywide Home Loans, Inc.

7.    No mortgage loan commitment letter was ever provided to the consumer/borrower.

8.    No preliminary fees and obligations' schedule was ever provided to the consumer/borrower.

9.    No legal opinion, as required by G.L. Chapter 93, Section 70, was provided to the consumer/ borrower at the closing.

10.    It appears that because the consumer/borrower was from Canada, he was treated unfairly by your companies and by Hal Bean and Mr. Costa, who refused, after being requested, to send documents, such as good faith estimate of settlement charges and interest terms, in advance of the closing.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Full Spectrum Lending, Inc.
Countrywide Home Loans, Inc.
Page No. 3
December 17, 2004

As a result of the above-stated facts, I had Mr. Lockwood obtain a new mortgage from Washington Mutual under the terms that Countrywide Home Loans, Inc., your companies agreed to but failed to deliver and this mortgage loan was paid in full on or about 11/25/04.

Based on your companies' actions, I must consider if this is your standard operating procedure and if a class action is warranted. Demand is herewith made that you send me, in or within 30 days, a schedule of all home mortgage loans in the past six (6) years where no good faith estimate (prior to closing) was sent to consumers/borrowers.

Demand is herewith made for your companies to pay the following damages, restitution, rescission and charges as your services were of little or no value to the consumer/borrower:

| | | |
|---|---|---|
| a. | All closing costs, fees and expenses | $ 5,176.70 |
| b. | Four mortgage payments made | 12,126.92 |
| c. | Reasonable attorney fees | 900.00 |
| | **TOTAL** | **$18,203.62** |

Pursuant to M.G.L. Chapter 93A, each of your companies has 30 days to respond to this demand letter, in writing, and to resolve this matter. After that date, if this matter has not been resolved, my client has requested me to file a complaint with Norfolk Superior Court and to seek treble damages, reasonable attorney's fees, interest and costs and to seek class action certification if you fail to send me the schedule of borrowers to whom good faith estimates were not provided prior to closing.

Trusting that you understand our position, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

### Attorneys at Law

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax   (508) 875-7728

December 23, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>AMENDED DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Sir/Madam:

This letter shall amend the demand letter sent to you dated December 17, 2004.

1.    A request for an itemized accounting of the above-stated loan is hereby demanded.

2.    Enclosed is a copy of a check, dated 12/13/04 in an amount of $87.78, sent to my client with no explanation except for "escrow balance refund." Query, was there any escrow established? If so, what was collected and when and how much was paid out and to whom was it paid to?

Awaiting your written timely reply, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure

**EXHIBIT**

D

Countrywide Home Loans Servicing LP
PO Box 5012
Woodland Hills CA 91365-5012

BERIN LOCKWOOD

14 EVERETT ST

NORFOLK MA 02056

| ck no: | 1178114 | Treasury id: | 27627349 | Page: | 1 |
| e: | 12/13/2004 | Comp. No: | 681 | | CFC8PQA |
| ck amount: | 87.78 | Agency No: | 14669 | | -ESR |
| | | Escrow type: | 10 | | |
| | | Escrow desc: | A/C#068114669 ESCROW BAL REFUND | | |

ck payee:    BERIN LOCKWOOD

| an no | Amount | Mortgagor | Reference |
| 114669 | 87.78 | BERIN LOCKWOOD | |

TAL:        87.78

*NUMBER OF ACCOUNTS:        1



⑈0001178114⑈ ⑆031100209⑆        38687899⑈

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

**Attorneys at Law**

**550 Cochituate Road**
**P.O. Box 966**
**Framingham, MA 01701-0966**

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 10, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A

Dear Marianna:

       This amendment to the demand letter shall confirm that you told me, on January 4, 2005, that the check for $87.78, dated December 13, 2004, was not for an "escrow balance refund" but, rather, was for reimbursement of the excess amount after the loan had been paid off and that you made no offers of settlement.

       This concerns me because on the Settlement Sheet there was a charge, on line 809, collecting from my client $79.00 for a "tax service fee to Countrywide Tax Service."

       I remain

                          Very truly yours,

                          EVANS J. CARTER

EJC/aec

**EXHIBIT**
*E*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 17, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marianna, Assistant to the President
Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA 91410-0423
and
400 Countrywide Way
Sims Valley, CA 93065

Re:    Berin Lockwood (Borrower/Consumer)
       14 Everett Street, Norfolk, MA 02056 (Home/Residence)
       8/27/04 Mortgage Loan of $450,000
       <u>FURTHER AMENDMENT TO DEMAND LETTER UNDER M.G.L. CHAPTER 93A</u>

Dear Marianna:

    Enclosed please find a copy of a 11/17/04 Payoff Demand Statement from Countrywide Home Loans Servicing LP.

    Please send me:

1.    A copy of the amortization schedule that your company used to determine said payoff amount and your worksheet;

2.    Receipt of notice in advance to our client that $30 would be charged as "statement fee" and worksheet as to the actual costs for sending a statement; and

3.    Relationship between your company and Countrywide Home Loans Servicing LP and a schedule as to who the general and limited partners are.

    Awaiting your response, I remain

          Very truly yours,

          EVANS J. CARTER

EJC/aec

**EXHIBIT**
F

Countrywide Home Loans Servicing LP

Payoff Department
7105 Corporate Drive
Plano, TX 75024-4100
1-800-669-6607
1-972-526-1115

3,161

# PAYOFF DEMAND STATEMENT
Statement Date: November 17, 2004
Statement Void After: November 30, 2004

(B&C C-ARMS)

Mailed to:
   Chi Automated Payoff
   Faxed Demand
   X
   X 99999-9999
Faxed to: 1-617-327-2745

Escrow #

Property Address:
   Berin Lockwood
   14 Everett Street
   Norfolk, MA 02056

Payoff Loan No.: 68114669-2
Case #

Principal Balance as of 11/01/2004          $     449,278.16
Interest from 11/01/2004 to 11/30/2004            2,543.35
*Statement Fees                                      30.00
County Recording Fee                                 75.00
Total Payoff Due on Loan No. 68114669        $     451,926.51
*Please refer to important information about this fee on the next page of this statement.

| Daily Interest | From | To | Interest Rate |
|---|---|---|---|
| 87.7016 | 11/01/2004 | 11/30/2004 | 7.125 % |

Daily Interest Daily Interest = Principal Balance x Interest Rate ÷ 365.

AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE NOVEMBER 30, 2004.

All funds must be made payable to Countrywide Home Loans Servicing LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.   They MUST reference the Countrywide loan number, property address and owner's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or return of the funds to the remitter. Funds received after 3:00 p.m. Pacific Time may be posted the following business day.

Wire funds to:
Beneficiary Bank: Bank of America
   ABA Routing #: 121 000 358
   Beneficiary Acct Name: MRC
   Beneficiary Acct Number: 12356-19173
   Reference: Berin Lockwood
   Loan Number: 68114669-2

Mail funds to:
Attention: Payoff Department, Mail Stop PTX346
Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024-4100

call 1-800-669-6833 for updated payoff information within 24 hours of submitting funds.

This communication is from a debt collector.

See page 2 for important information

S316LCF 1029 4/8/2004

**Countrywide Home Loans Servicing LP**
**Payoff Demand Statement Page 2**

Account No.: 68114669-2
Customer Name: Berin Lockwood

The payoff amount is subject to change for various reasons, including but not limited to the following:

- You have sent in a payment that we have not yet posted. (DO NOT place a stop payment on any check.)
- Your payment has been returned to us by your financial institution for any reason.
- A scheduled payment(s) is disbursed from your escrow account for taxes, insurance, or other escrowed item.
- Potential collection charges that may be applied if your account is past due.
- Late charges for delinquent payments received after: 12/16/2004.

**IF COUNTRYWIDE RECEIVES FUNDS GREATER THEN WHAT IS REQUIRED TO PAY OFF YOUR LOAN, WE WILL AUTOMATICALLY PROCESS THE OVERAGE WITHIN 30 DAYS OF PAYOFF.**

Si necesita la información incluida en la Demanda de Liquidación traducida al Español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-295-0026.

As have been informed prior to ordering this statement, Countrywide provides free verbal payoff information via an automated telephone system at 1-800-669-6833. Instead, you have elected to purchase Countrywide's written payoff demand service, for a charge of $30.00, which includes free automatic updates through the expiration of this demand. The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument. If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement to a maximum of $90.00).

If you are planning to pay off your loan and the draft date is near your payoff date, you must contact Countrywide to have your electronic draft service cancelled before the loan is paid off. Failure to cancel the service after a payoff is complete may result in excess funds being drafted from your financial account. These funds will be returned with any additional funds held in your account after the payoff is complete.

*This communication is from a debt collector*

C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERIN LOCKWOOD, Individually and on behalf of Class Members, <br><br> Plaintiff, <br><br> v. <br><br> FULL SPECTRUM LENDING, INC. and COUNTRYWIDE HOME LOANS, LOANS, INC. <br><br> Defendants. | Civil Action No. _____ <br><br><br> **NOTICE OF REMOVAL TO ALL ADVERSE PARTIES** |

TO:    Evans J. Carter, P.C.
          HARGRAVES, KARB, WILCOX
           & GALVANI, LLP
          550 Cochituate Road
          P.O. Box 966
          Framingham, MA  01701-0966

PLEASE TAKE NOTICE, that on April 1, 2005, defendants Full Spectrum Lending, Inc.

(n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and Countrywide

Home Loans, Inc. filed a Notice of Removal of this action to the United States District Court for

the District of Massachusetts.  A true and correct copy of the Notice of Removal is annexed

hereto.

This Notice is served upon you as counsel of record for plaintiff Berin Lockwood in compliance with 28 U.S.C. § 1446.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a Full Spectrum Lending, a division of Countrywide Home Loans, Inc.) and COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: April __, 2005

LIBA/1522234.1

2

D

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT DEPT.
                                                     OF THE TRIAL COURT

---

BERIN LOCKWOOD, Individually and on
behalf of Class Members,

       Plaintiff,

    v.                                            Civil Action No. 05-00310

FULL SPECTRUM LENDING, INC. and
COUNTRYWIDE HOME LOANS, INC.,

       Defendants.

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

    PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the District of Massachusetts on April 1, 2005. A copy of said

Notice of Removal is attached to this Notice, and is served and filed herewith.

    PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), this

notice is hereby provided to the Trial Court of the Commonwealth of Massachusetts, Superior

Court Department for Norfolk County, to effect removal, and the Norfolk County Superior Court

shall proceed no further unless and until the case is remanded.

Respectfully submitted,

FULL SPECTRUM LENDING, INC. (n/k/a
Full Spectrum Lending, a division of
Countrywide Home Loans, Inc.) and
COUNTRYWIDE HOME LOANS, INC.

By their attorneys,

_____
Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1000

Dated:  April __, 2005

LIBA/1522236.1

-2-